UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 13-61535-CIV-MARRA/MATTHEWMAN

------------------------------------x
:
ERIC NOVESHEN,                      :
                                    :
            Plaintiff,              :
                                    :
     v.                             :
                                    :
BRIDGEWATER ASSOCIATES, LP          :
                                    :
            Defendant.              :
                                    :
------------------------------------x

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
<u>AMENDED COMPLAINT</u>**

Erik Haas (ehaas@pbwt.com)
Noah Stein (nstein@pbwt.com)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Fax: (212) 336-2222
*Admitted pro hac vice*

William Roppolo
william.roppolo@bakermckenzie.com
BAKER & MCKENZIE LLP
1111 Brickell Avenue
Miami, FL 33131

*Attorneys for Defendant*

CASE NO.: 13-61535-CIV-MARRA/MATTHEWMAN

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ARGUMENT..........................................................................................................................2

    I.    NOVESHEN FAILS TO PRESENT ANY LEGAL OR FACTUAL BASIS FOR PERSONAL JURISDICTION..........................................................................2

    II.    NOVESHEN FAILS TO REFUTE THE ESTABLISHED LACK OF LEGITIMATE BASIS FOR HIS LAWSUIT..............................................................4

    III.    NOVESHEN OFFERS NO MEANINGFUL ARGUMENT AGAINST DISMISSAL OF HIS NEW AND REPLEADED CLAIMS ........................................5

CONCLUSION.......................................................................................................................5

Bridgewater submits this reply brief in support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(6), and 12(f) to dismiss the Amended Complaint of Plaintiff Noveshen, and/or to strike certain portions of the same.

## INTRODUCTION

Noveshen fails to provide any valid legal or factual basis to deny Bridgewater's motion to dismiss his Amended Complaint in its entirety for lack of personal jurisdiction, or on the merits as to the newly pleaded claims.[1]

Noveshen's arguments concerning personal jurisdiction are devoted primarily to the question of general jurisdiction, but do not account for the current state of the law after the decision in *Daimler v. Bauman*. He cites only pre-*Daimler* cases, none of which justifies general jurisdiction on the paucity of Bridgewater's contacts with Florida now that *Daimler* has held that even billions of dollars in sales and numerous offices in the forum state will not suffice.

Noveshen's arguments for specific jurisdiction, based solely on the outcome of the WIPO proceedings, are also defective. He has known from the outset that the WIPO ruling is an improper basis for him to sue in Florida, because the WIPO rules expressly permitted Bridgewater to refuse jurisdiction in this forum and Bridgewater stated its refusal in its WIPO complaint. Moreover, because Bridgewater's conduct in those proceedings was directed to Switzerland and not Florida, it cannot constitute the kind of Florida contact required to support personal jurisdiction based solely on a purported in-state injury.

As to the new and re-pleaded claims, Noveshen does not provide any meaningful response to the well-supported positions in Bridgewater's moving brief. Moreover, Noveshen

---

[1] On May 20, 2015, the Court ordered Noveshen to file his response to Bridgewater's Motion to Dismiss by May 26. [ECF No. 33]. Noveshen never filed any such response. Accordingly, by the further terms of the Court's May 20 order, Noveshen's Motion to Strike is to be construed as his opposition to the Motion to Dismiss. *Id.* at 1-2. For simplicity, we will refer to Noveshen's Motion to Strike as his "Opposition."

does not even attempt to offer any explanation for the public records establishing he registered infringing domains purportedly on BW Capital's behalf even though that company had been abandoned and officially dissolved in 2008. He also does not provide any explanation for misleading the Court by claiming that BW Capital remained an "ongoing" concern that provided a legitimate purpose for his infringing registrations. His lawsuit is entirely baseless and should be dismissed in its entirety, with prejudice.

## ARGUMENT

**I.   NOVESHEN FAILS TO PRESENT ANY LEGAL OR FACTUAL BASIS FOR PERSONAL JURISDICTION**

Noveshen's arguments in his Opposition fail to provide any legal or factual basis for personal jurisdiction over Bridgewater, especially in light of *Daimler* and its heightening of the standard for general jurisdiction. Noveshen first attempts to distinguish *Daimler* on the basis that it involved foreign parties and events occurring entirely outside of the United States. Opp. at 4. That argument fails because the *Daimler* Court's analysis of general jurisdiction (Section IV.B of its decision) focused on the defendant's in-state contacts and whether they were sufficient to render the Defendant at home in the forum state as compared to all other states. 134 S. Ct. 746, 760-61 (2014). The Court did not rest its holding on the location of parties or events outside the United States.[2] Evidencing that reality, lower courts have repeatedly applied *Daimler* in cases involving parties and events wholly within the United States. *See, e.g., S.O.S. Res. Servs. v. Bowers*, 2015 U.S. Dist. LEXIS 66479, at *9 (S.D. Fla. May 21, 2015); *Hard Candy, LLC v. Hard Candy Fitness, LLC*, 2015 U.S. Dist. LEXIS 67479 (S.D. Fla. May 13, 2015).

---

[2] Indeed, the locus of the events giving rise to the suit is necessarily irrelevant to the general jurisdiction analysis, because general jurisdiction concerns only non-case-specific contacts with the forum.

2

Noveshen next cites a series of decisions that predate *Daimler*, arguing that they support general jurisdiction based on Bridgewater's scant contacts with Florida. Opp. at 4-7. Yet the *Daimler* Court carefully reviewed and clarified the prior case law in reaching its decision that even billions of dollars in sales and numerous offices in the forum state are not enough to render a defendant "at home" there. 134 S. Ct. at 761-62 (majority opinion); *id.* at 766-67 (Sotomayor, J., concurring). The propositions that Noveshen cites under cases such as *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945), therefore no longer suffice to establish general jurisdiction absent the conditions required under *Daimler*. If anything, Noveshen's reliance exclusively on pre-*Daimler* cases to argue that Bridgewater's paucity of Florida contacts can support general jurisdiction just serves to highlight the significance of the change in law that *Daimler* represents.

Noveshen's argument that personal jurisdiction can be based on the WIPO action is wholly unfounded. Noveshen has always known that the outcome of the WIPO proceedings would not support a lawsuit in Florida, because the WIPO rules expressly required Bridgewater to consent to jurisdiction for any challenges to the WIPO decision in Florida or Arizona, and Bridgewater unambiguously stated in its WIPO complaint that it consented to Arizona only, and *not* to Florida. *See* Br. at 11 n. 11. He tries to circumvent that inconvenient fact by arguing that the WIPO proceedings constitute a Florida contact supporting specific jurisdiction, because the effect of the WIPO decision was felt by him in Florida since he had to relinquish the Transferred Domains while residing there. As the case law makes clear, however, for Noveshen to base specific jurisdiction on mere in-state injury, the but-for cause of that injury must have itself constituted a Florida contact. *Roof & Rack Prods., Inc. v. GYB Investors, LLC*, 2014 U.S. Dist. LEXIS 92334, at *10 (S.D. Fla. Jul. 8, 2014). The WIPO proceeding does not qualify as such an

3

in-state contact, because Bridgewater directed all of its WIPO papers to Switzerland and the WIPO proceeding had no nexus with Florida. *See* Br. at 10-11.

The case Noveshen cites in his Opposition is not to the contrary. It involved case-specific conduct directed to Florida, such as the parties' signing of a confidentiality agreement in Florida, that acted as a nexus with the injury plaintiff suffered when defendants disclosed confidential information they obtained under that agreement. *New Lenox Indus. v. Fenton*, 510 F. Supp. 2d 893, 904-905 (M.D. Fla. 2007). Here, as in *Roof & Rack*, Bridgewater's conduct that caused the transfer of domains was not directed to, and had no nexus with, the forum state.

In addition to the failure of his legal arguments, Noveshen has not come forward with any additional facts about Bridgewater's activities or conduct to rebut the lack of Florida contacts Bridgewater established in its moving brief and attached declarations. This lawsuit thus lacks any basis in law or fact that could provide personal jurisdiction over Bridgewater in Florida.

## II. NOVESHEN FAILS TO REFUTE THE ESTABLISHED LACK OF LEGITIMATE BASIS FOR HIS LAWSUIT

Noveshen does not even attempt to address the public records that prove false the premise of his claims and demonstrate the misleading statements made to the Court in his pleading. He does not refute or explain the public records establishing that BW Capital had been abandoned and dissolved by 2008. *See* Br. at 4. He also does not address the fact that this dissolution directly contradicts the assertion in his pleading that BW Capital is an "ongoing" concern whose existence supposedly justified his registration in BW Capital's name of: (a) *seventeen* domains incorporating the Bridgewater Marks and (b) four domains infringing Apple's ipad trademark. *Id.* at 5.

4

Instead, Noveshen merely made procedural attacks on this evidence of the baselessness of his claims, attaches that this Court already rejected in its May 20, 2015 order. The evidence is therefore properly before the Court and appropriate for consideration on Bridgewater's motion because it is facially reliable, comes from publicly available records, and is central to Noveshen's claims that he has suffered and will suffer injury from relinquishing the domains. *See* Br. at 4 n. 4.[3]

### III. NOVESHEN OFFERS NO MEANINGFUL ARGUMENT AGAINST DISMISSAL OF HIS NEW AND REPLEADED CLAIMS

Setting aside the rhetoric, Noveshen's Opposition does not present any meaningful rejoinder to Bridgewater's arguments for dismissal of the new and repleaded claims in the Amended Complaint even if the Court finds that personal jurisdiction exists. Bridgewater's arguments in favor of dismissal of these claims are well-grounded in law and fact and should therefore be granted. *See* Br. at 12-20.

### CONCLUSION

For the foregoing reasons and the reasons stated in its opening brief, Bridgewater respectfully submits that the Court should dismiss this action in the entirety, or in the alternative, dismiss Counts IV, V, and VI of the Amended Complaint with prejudice and strike ¶¶ 94-95 and prayer for relief ¶ c.

---

[3] Noveshen devoted many pages to a footnote in the Motion to Dismiss in which Bridgewater argued that Noveshen is not entitled to the deference typically afforded *pro se* plaintiffs because he has considerable litigation experience. While he argues that reference is improper – and the Court already rejected that argument – he does not and cannot challenge the contents of the public dockets showing just how extensive his litigation experience has been. Indeed, even though his Motion to Strike was unsuccessful and his arguments opposing dismissal are unavailing, the brief nonetheless displays litigation prowess.

CASE NO.: 13-61535-CIV-MARRA/MATTHEWMAN

Dated:   June 5, 2015

                PATTERSON BELKNAP WEBB & TYLER LLP
                1133 Avenue of the Americas
                New York, New York 10036
                Telephone:  (212) 336-2000
                Facsimile:  (212) 336-2222

                By:   /s/  Erik Haas
                Erik Haas (ehaas@pbwt.com)
                Noah Stein (nstein@pbwt.com)
                *Admitted pro hac vice*

                BAKER & McKENZIE LLP
                Sabadell Financial Center
                1111 Brickell Avenue, Suite 1700
                Miami, Florida 33131
                Telephone: (305) 789-8900
                Facsimile:  (305) 789-8953

                By: /s/  William V. Roppolo
                William V. Roppolo
                william.roppolo@bakermckenzie.com
                Florida Bar No. 182850

                *Attorneys for Bridgewater Associates*

CASE NO.: 13-61535-CIV-MARRA/MATTHEWMAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 5, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ William V. Roppolo
William V. Roppolo

CASE NO.: 13-61535-CIV-MARRA/MATTHEWMAN

## SERVICE LIST

### ERIC NOVESHEN

v.

### BRIDGEWATER ASSOCIATES
### Case No.: 13-CV-61535-MARRA/MATTHEWMAN

### UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Eric Noveshen
508 Coconut Isle
Fort Lauderdale, FL. 33301
Fax: (954) 337-7669
Email: eric@bridgewaterfund.com

444417-v1\MIADMS