UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-CV-61535-KAM

ERIC NOVESHEN

    Plaintiff,

vs.

BRIDGEWATER ASSOCIATES, LP
and RAYMOND DALIO,

    Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (DE 31). Plaintiff, who proceeds pro se, filed a Motion to Strike the motion to dismiss (DE 32), which the Court construes as a response (see DE 33 at 1-2). For the following reasons, the Court concludes that Defendant's motion should be granted in part and denied in part.

**I. Background**

The background of this trademark dispute is detailed in Court's order granting in part and denying in part Defendant's motion to dismiss Plaintiff's original complaint. See Noveshen v. Bridgewater Assocs. LP, 47 F. Supp. 3d 1367, 1378 (S.D. Fla. 2014). In that order, the Court dismissed several claims with prejudice, and it dismissed several claims without prejudice to amend, to wit: trademark cancellation based on "fraud"; unfair competition; defamation; and a violation of the Florida Deceptive and Unfair Trade Practices Act. Id. at 1373-78. Additionally,

the Court held that Plaintiff could pursue a declaratory judgment under the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)), and that Plaintiff could pursue a "restitution/unjust enrichment" claim "as an alternative theory of recover." Id. at 1374-75, 1377-78.

Plaintiff filed an amended complaint alleging a new slate of claims. (DE 28). Count I ("Declaratory Relief") seeks a declaration that he has not infringed on Defendant's trademark rights, as well as cancellation of Defendant's trademarks. (Id. ¶ 90-95; id. 23-24). Count II ("Declaration of Non-Infringement") seeks a declaration "under the Florida declaratory judgment statute, Fla. Stat. §§ 86.011 and 86.021," that Plaintiff's use of the "bridgewater" mark does not violate Defendant's rights. (Id. ¶¶ 97-99). Count III realleges a claim under the Anticybersquatting Prevention Act. (Id. ¶¶ 101-08). Count IV advances a new claim for "tortious interference with contract," and Count V advances a new claim for "injurious falsehood." (Id. ¶¶ 110-123). Count VI reasserts a claim for "defamation," and Count VII reasserts "unjust enrichment/restitution." (Id. ¶¶ 124-138).

Defendant again moves to dismiss. (DE 31). It argues that Counts IV, V, and VI, and the portion of Count I seeking trademark cancellation, should be dismissed with prejudice for failure to state a claim. (DE 31 at 22; DE 36 at 7). Additionally, Defendant argues, for the first time, that this case should be dismissed in its entirety because the Court lacks personal jurisdiction. (DE 31 at 10). As discussed below, the Court finds that Defendant has waived its personal jurisdiction challenge by failing to assert it earlier, but that the remainder of Defendant's motion should be granted.

## II. Discussion

A party may assert a "lack of personal jurisdiction" by way of a Rule 12(b) motion to dismiss. Fed. R. Civ. P. 12(b)(2). The right to do so, however, is subject to timing requirements and waiver. See Fed. R. Civ. P. 12(g)(2); Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982).

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests. Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (internal citation and alteration omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. The Court must accept all of the plaintiff's factual allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

**A.     Personal Jurisdiction**

In its second motion to dismiss, Defendant argues that Plaintiff's complaint must be dismissed in its entirety because this Court lacks personal jurisdiction. (DE 31 at 10). It argues that general personal jurisdiction is absent because it is not "essentially at home" in Florida. (Id. at 11). To explain its failure to raise this defense in its first motion to dismiss, Defendant points to what it claims is an "intervening change in law" handed down by the Supreme Court in Daimler AG v. Bauman, 134 S.Ct. 746 (Jan. 14, 2014). Despite the Supreme Court's recent reiteration of the law of general personal jurisdiction, the Court concludes that Defendant could have asserted a personal jurisdiction defense on these grounds in its first motion to dismiss.

"Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."[1] Ins. Corp. of Ireland, 456 U.S. 694 at 703. The Rules of Federal Procedure describe the way in which the defense is waived. As relevant here, Rule 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Rule 12(h) states that a party waives the defense of lack of personal jurisdiction by "omitting it from a motion in the circumstances

---

[1] Although pro se Plaintiff does not raise the issue of waiver, the Court cannot overlook Defendant's submission to this Court's jurisdiction. As the Eleventh Circuit has held:

> [W]hen a defendant has waived his objection to insufficient service of process (or any other defect in personal jurisdiction) by failing timely to object as required under Rule 12(g) and (h), and has thus consented to litigate the action in that court, the court may not, either upon the defendant's motion or its own initiative, dismiss the suit for lack of personal jurisdiction or insufficient service of process.

Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).

described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1)(A). "The collective import of these two provisions is that if a party files a Rule 12(b) motion to dismiss, it may not subsequently assert any Rule 12(b) defenses that were available when the first Rule 12(b) motion was filed." Gilmore v. Palestinian Interim Self-Gov't Auth., 8 F. Supp. 3d 9, 13 (D.D.C. 2014).

As Rule 12(g)(2) states, a defense is waived if it was "available" at the time of the answer or pre-trial motion. Fed. R. Civ. P. 12(g)(2). A defense is "unavailable" for purposes of Rule 12(g)(2) "'if its legal basis did not exist at the time of the answer or pre-answer motion,' so that it was 'for all practical purposes impossible for the defendants to interpose their . . . defense.'" Gilmore, 8 F. Supp. 3d at 13 (quoting Chatman-Bey v. Thornburgh, 864 F.2d 804, 813 n.9 (D.C. Cir. 1988)). A previously "unavailable" defense "must be raised 'as soon as [its] cognizability is made apparent.'" Id. (quoting Holzsager v. Valley Hosp., 646 F.2d 792, 796 (2d Cir.1981)).

Although Defendant argues that the Daimler Court articulated a "new standard" governing general personal jurisdiction over foreign corporations, Defendant does not argue that the Supreme Court recognized a defense that was previously "unavailable" to defendants. As recognized by one district court, the legal foundation for the Court's decision in Daimler was laid several years previously in Goodyear Dunlop Tires Operations v. Brown, 131 S. Ct. 2846 (2011):

> In Goodyear, which was decided on June 27, 2011, the Supreme Court made crystal clear that a foreign defendant's "continuous activity of some sorts within a state, . . . is not enough to support" general jurisdiction unless that activity is "so 'continuous and systematic' as to render [it] essentially at home in the forum State." 131 S.Ct. at 2851, 2856 (emphasis added). . . .
>
> In Daimler, the Supreme Court emphasized repeatedly that it was applying a rule it had previously announced in Goodyear. For example, in its opening paragraphs, the Court stated:

5

> In Goodyear . . . we held that a court may assert [general] jurisdiction over a foreign corporation . . . only when the corporation's affiliations with the [forum] are so constant and pervasive 'as to render [it] essentially at home in the forum State.'
>
> Daimler, 134 S. Ct. at 751 (citing Goodyear, 131 S. Ct. at 2851) (emphasis added).  In later portions of its opinion, the Court again discussed Goodyear, observing that "Goodyear made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction," and that "the inquiry under Goodyear is . . . whether th[e] [defendant's] 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." Id. at 760, 761 (citing Goodyear, 131 S. Ct. at 2851, 2853-54.  Thus, the Daimler opinion relied heavily on Goodyear and in no way suggested that the "at home" standard was a new rule.

Gilmore, 8 F. Supp. 3d at 15; see also Am. Fid. Assur. Co. v. Bank of New York Mellon, No. CIV-11-1284-D, 2014 WL 4471606, at *5 (W.D. Okla. Sept. 10, 2014) (holding that Defendant waived personal jurisdiction challenge because Daimler merely restated holding of Goodyear); but see Gucci Am. Inc. v. Weixing, Li, 768 F.3d 122, 135-36 (2d Cir. 2014) (holding that Daimler created previously unavailable defense because it overturned "controlling precedent" in the Second Circuit regarding foreign banks with local branches in forum); 7 W. 57th St. Realty Co., LLC v. Citigroup, Inc., No. 13 CIV. 981 PGG, 2015 WL 1514539, at *7 (S.D.N.Y. Mar. 31, 2015) (Second Circuit's decision in Gucci America compelled holding that foreign banks with local branches in forum did not waive personal jurisdiction objection).

      In its second motion to dismiss, Defendant argues that Plaintiff's allegations fail to show that Defendant was "essentially at home" in Florida. (DE 31 at 12).  Defendant points out that it is incorporated in Delaware and has its principal place of business in Connecticut.  (Id. at 11; DE 31-17 ¶¶ 4, 5).  As the Supreme Court made clear in Daimler, it was the Goodyear decision that

held that general jurisdiction exists where a corporation's affiliations with the forum state "are so constant and pervasive 'as to render [it] essentially at home in the forum State.'"  Daimler, 134 S. Ct. at 751 (quoting Goodyear, 131 S. Ct. at 2851).  The Goodyear decision also identified the "paradigm forum[s]" for the exercise of general jurisdiction over a corporation: the place of incorporation and the principal place of business.  Goodyear, 131 S. Ct. at 2853-54.  Defendant's arguments and submissions are entirely consistent with a challenge to personal jurisdiction under the Goodyear decision.  (See DE 31 at 11-12; DE 31-17).

Plaintiff's personal jurisdiction allegations did not change between the initial complaint and the Amended Complaint.  (DE 1 ¶ 12; DE 28 ¶ 12).  Defendant has not demonstrated that it lacked a legal basis for challenging the initial complaint's allegations under pre-Daimler law.  Nor has Defendant identified controlling Eleventh Circuit precedent that prevented such a challenge prior to Daimler.  Thus, Defendant's defense to general personal jurisdiction was available when it filed its first motion to dismiss, and was waived by failing to raise it.  Defendant has also waived its defense to specific personal jurisdiction (DE 31 at 12-14), as that defense was also available.

**B.     Failure to State a Claim**

Defendant argues that Counts IV, V, and VI should be dismissed with prejudice because they fail to state valid legal claims.  Each of these counts is premised on an allegation that Defendant injured Plaintiff's business relationship with JP Morgan by publishing "false and defamatory statements" about Plaintiff.  (DE 28 ¶¶ 113, 120, 127; see also id. ¶¶ 111, 118, 125 ("Defendant published false statements to JP Morgan . . . .")).  In its previous order, the Court held that Plaintiff failed to state a claim for defamation for the following reason:

7

> Plaintiff alleges generally that "Defendants published false
> statements regarding the Plaintiff." Compl., ¶ 132. It is not clear
> what statements were published. Plaintiff also incorporated by
> reference all previous allegations in the Complaint into this count.
> Thus, Plaintiff's allegations could be interpreted that Defendants'
> statements in the WIPO complaint were defamatory. In such a
> case, Plaintiff has not alleged any facts to substantiate that these
> statements were false. However, the Court will grant Plaintiff
> leave to amend this claim.

Noveshen, 47 F. Supp. 3d at 1376.

Plaintiff's re-pled defamation claim (Count VI) and new tortious interference (Count IV) and injurious falsehood (Count V) claims suffer the same fatal flaw. In each count, Plaintiff simply incorporates by reference "each and every allegation he has set forth above" and alleges generally that "Defendant published false statements to JP Morgan and other individuals regarding the Plaintiff." (DE 28 ¶¶ 110-11, 117-18, 124-25). Notably, Plaintiff never specifies what "false statements" Defendant allegedly published to JP Morgan. Rather, the Amended Complaint alleges that Defendant used its "influence and power in the investment community" and "contacted JP Morgan and inquired as to [Plaintiff's] Fund [and] any bank accounts held with JP Morgan." (Id. ¶ 63). Even under liberal pleading standards, such facts are insufficient to draw the reasonable inference that Defendant is liable for publishing "defamatory statements" to JP Morgan. See Iqbal, 556 U.S. at 678.

Plaintiff has had two opportunities to substantiate his claim that Defendant published "false and defamatory statements." As he has again failed to allege sufficient factual matter to state a claim to relief based on "false statements" that is plausible on its face, the counts that rely

8

on such an allegation shall be dismissed with prejudice.[2]

Finally, Defendant argues that Plaintiff should not be allowed to seek trademark cancellation in this action. (DE 31 at 22). In his initial complaint, Plaintiff sought cancellation of Defendant's trademarks because they were (1) generic and (2) registered fraudulently. Noveshen, 47 F. Supp. 3d at 1372. The Court dismissed the first cancellation count with prejudice, holding that Defendant's marks were not "generic." Id. at 1373. The Court dismissed the fraudulent registration count without prejudice, granting Plaintiff leave to submit a more particular statement of fraud. Id at 1373-74.

In his Amended Complaint, Plaintiff does not allege that Defendant committed fraud in the process of registering its trademarks. Rather, he merely states that he is "entitled to an order" cancelling Defendant's trademarks if this Court enters a declaration of his non-infringement. (DE 28 ¶¶ 94, 94). This is not a valid basis for cancelling Defendant's trademarks.

"In order to prosecute successfully a petition for cancellation, [a] petitioner must prove . . . that there are valid grounds for discontinuing registration." Coach House Rest., Inc. v. Coach & Six Restaurants, Inc., 934 F.2d 1551, 1557 (11th Cir. 1991). Valid grounds for cancellation include, "(1) if the petition to cancel was filed within five years of the registration, any reason that the mark should not have been registered; or (2) at any time if, inter alia, the mark has

---

[2] Count V, injurious falsehood, fails to state a claim because Plaintiff has not alleged sufficient factual content demonstrating the necessary element of "falsehood." See Bothmann v. Harrington, 458 So. 2d 1163, 1168 (Fla. Dist. Ct. App. 1984). Count IV, tortious interference with contract, fails to state a claim because Plaintiff's only basis for alleging that Defendant "intentionally interfered" with his relationship with JP Morgan is Defendant's "false and defamatory statements" to JP Morgan. (DE 28 ¶¶ 113-14). The Court concludes that affording Plaintiff a third opportunity to demonstrate that Defendant published "false and defamatory statements" would be futile.

9

become generic, functional, or abandoned, or the mark was obtained or is being used fraudulently." Soro v. Citigroup, 287 F. App'x 57, 59 (11th Cir. 2008). Plaintiff has abandoned his claim that Defendant's trademarks were obtained fraudulently; he has failed to allege any other valid ground for cancelling Defendant's trademarks in this action. Because the Court concludes that amendment would be futile, the cancellation allegations (DE 28 ¶¶ 94, 95, p. 24 ¶ (c) of ""Wherefore" clause) shall be stricken with prejudice.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 31) is **GRANTED IN PART AND DENIED IN PART**; Counts IV, V, and VI are **DISMISSED WITH PREJUDICE**; paragraphs 94, 95, and the prayer for trademark cancellation are **STRICKEN WITH PREJUDICE** from the Amended Complaint.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of July, 2015.

_____
KENNETH A. MARRA
United States District Judge