UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 13-61535-CIV-MARRA/MATTHEWMAN

------------------------------------------------x
                                                :
ERIC NOVESHEN,                                  :
                                                :
                 Plaintiff,                     :
                                                :
         v.                                     :
                                                :
BRIDGEWATER ASSOCIATES, LP                      :
                                                :
                 Defendant.                     :
                                                :
------------------------------------------------x

**BRIDGEWATER ASSOCIATES' OPPOSITION TO ERIC NOVESHEN'S MOTION
FOR LEAVE TO EXCUSE LATE FILING OF CHANGE OF ADDRESS**


Erik Haas (ehaas@pbwt.com)
Noah Stein (nstein@pbwt.com)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Fax: (212) 336-2222
*Admitted pro hac vice*

William Roppolo
(william.roppolo@bakermckenzie.com)
BAKER & MCKENZIE LLP
1111 Brickell Avenue
Miami, FL 33131

*Attorneys for Defendant*

8136108v.1

Bridgewater Associates ("Bridgewater") submits this opposition to Eric Noveshen's Motion for Leave to Excuse Late Filing of Change of Address. *See* Exhibit 1.

1. Bridgewater did not consent to, and opposes, Mr. Noveshen's motion because Bridgewater specifically advised Mr. Noveshen—twice—that his failure to provide a correct address was frustrating the Court's attempts to provide him with notice, yet he failed to act until *after* the Court's deadline triggered the dismissal of his claims. Mr. Noveshen's instant motion follows a pattern of belated requests to excuse his blatant disregard of deadlines in this matter, which Bridgewater and the Court have accommodated to date. As his submissions demonstrate, Mr. Noveshen is a sophisticated litigant, well versed in the process with which he is required to comply. Indeed, as previously noted, Mr. Noveshen has been involved in myriad proceedings before this and other tribunals.[1] His laissez faire attitude towards his procedural obligations underscores the bad faith and meritless nature of his claims. Following is a concise recitation of the events pertinent to this issue.

2. On May 28, 2015, this Court's Clerk entered on the docket a Notice of Undeliverable Mail, noting that its attempt to deliver the Court's May 20, 2015 ("May 20 Order") by U.S. mail to the address on file for Mr. Noveshen had failed due to the mail being returned, [ECF. No. 34]. The May 20 Order required had denied Mr. Noveshen's motion to strike Bridgewater's motion to dismiss the Amended Complaint and ordered Noveshen to file an opposition brief by May 26 or else have his denied motion to strike deemed his opposition brief.

3. On June 5, 2015, Bridgewater filed a reply brief in support of its motion to dismiss Mr. Noveshen's Amended Complaint, and in that brief Bridgewater referred to the Court's May 20 Order. Bridgewater served a copy of this reply brief on Noveshen by email the same day.

---

[1] Noveshen is a sophisticated, serial litigant who has individually or through corporate entities he controls brought at least 9 cases and been sued in another 14 in this state and elsewhere. *See* [ECF No. 41 (Answer & Counterclaim) at 31-32].

2

[ECF No. 36 at 1 n. 1 & 7]. Accordingly, Noveshen has been on notice for more than two months, since at least June 5, 2015, of the problem with the address he provided for Court notices and orders.

4. On July 29, 2015, the Clerk entered on the docketed a second notice of undeliverable U.S. mail regarding the Court's order requiring a joint scheduling report. [ECF No. 39]. The docket entry stated:

> The Court has not located an updated address for this party. After two unsuccessful noticing attempts, notices from the Court will no longer be sent to this party in this case until a correct address is provided. Second Return/Attempt. Court notices will no longer be sent to this party until a correct address is provided. (lrz)

5. Immediately after receiving the ECF notice of this docket entry, counsel for Bridgewater contacted Mr. Noveshen. *See* Decl. of N. Stein ¶¶ 1-2 & Ex. A (Email from N. Stein to E. Noveshen). Bridgewater's counsel forwarded the ECF notice containing the Clerk's docket entry, and stated to Noveshen, "I strongly encourage you to contact the court with a correct mailing address where you can receive court notices." *Id.* Accordingly, Mr. Noveshen has been on notice for nearly two weeks, since July 29, 2015, that he was not receiving this Court's orders and that the Clerk would no longer be attempting to send notices to him.

6. The following day, the Court docketed its order requiring Mr. Noveshen to provide an updated address by 5 p.m. on August 7, 2015 and stating that failure to do so "shall result in dismissal" of Mr. Noveshen's claims for lack of prosecution.

7. Despite being on notice of the first delivery failure for more than two months, and the second delivery failure for two weeks, Mr. Noveshen did not provide the Court with an updated address.

8. On August 10, 2015, at 3:24 pm, Mr. Noveshen called Bridgewater's counsel and an Associate at the firm of Patterson Belknap Webb & Tyler, LLP ("Patterson Belknap"), Noah

Stein, and asked if Bridgewater would consent to the instant motion. Mr. Stein indicated that he would need to check with the Partner on the case, Erik Haas, and that he would so immediately. Mr. Stein called Mr. Noveshen back at 3:53 pm that same afternoon, indicating that he had reached Mr. Haas and that Bridgewater refused to consent to the motion. Bridgewater refused its consent because Mr. Noveshen was repeatedly put on notice of the delivery problems and failed to take action, he has a history of repeatedly ignoring deadlines in this case. *See* Stein Decl. ¶¶ 3-5 & Exs. B-C.

## CONCLUSION

For the foregoing reasons, Mr. Noveshen's motion for leave should be denied and his claims dismissed.

Dated:   August 11, 2015

>
> PATTERSON BELKNAP WEBB & TYLER LLP
> 1133 Avenue of the Americas
> New York, New York 10036
> Telephone:  (212) 336-2000
> Facsimile:  (212) 336-2222
>
> By:   /s/  Erik Haas
> Erik Haas (ehaas@pbwt.com)
> Noah Stein (nstein@pbwt.com)
> *Admitted pro hac vice*
>
> BAKER & McKENZIE LLP
> Sabadell Financial Center
> 1111 Brickell Avenue, Suite 1700
> Miami, Florida 33131
> Telephone: (305) 789-8900
> Facsimile:  (305) 789-8953
>
> By: /s/ William V. Roppolo
> William V. Roppolo (william.roppolo@bakermckenzie.com)
> Florida Bar No. 182850
>
> *Attorneys for Bridgewater Associates*

CASE NO.: 13-61535-CIV-MARRA/MATTHEWMAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 11, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


By: ___/s/ William V. Roppolo____
       William V. Roppolo

CASE NO.: 13-61535-CIV-MARRA/MATTHEWMAN

# SERVICE LIST

**ERIC NOVESHEN**

v.
**BRIDGEWATER ASSOCIATES**
**Case No.: 13-CV-61535-MARRA/MATTHEWMAN**

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA**

Eric Noveshen
436 N.E. 10th Avenue
Fort Lauderdale, FL. 33301
Fax: (954) 337-7669
Email: eric@bridgewaterfund.com

446189-v1\MIADMS