UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-CV-61535-KAM

ERIC NOVESHEN

Plaintiff,

vs.

BRIDGEWATER ASSOCIATES, LP
and RAYMOND DALIO,

Defendants.

_________________________________/

**ORDER GRANTING MOTION FOR LEAVE TO EXCUSE LATE FILING OF CHANGE OF ADDRESS**

This cause is before the Court on Plaintiff's Motion for Leave to Excuse Late Filing of Change of Address. (DE 42). On July 30, 2015, this Court informed pro se Plaintiff Eric Noveshen of his failure to comply with Local Rule 11.1(g), ordered him to file a Notice of Current Address with the Clerk of Court by 5:00 p.m. on August 7, 2015, and warned that failure to do so "shall result in dismissal of this action for lack of prosecution." (DE 40). That time passed without word from Plaintiff. However, at approximately 4:00 p.m. on Monday, August 10, 2015, Plaintiff filed the instant motion seeking leave to file late (DE 42) a Notice of Change of Address (DE 43). Defendant opposes Plaintiff's effort to excuse his untimely filing. (DE 44).

This Court possesses the inherent power to police its docket. Link v. Wabash RR Co., 370 U.S. 626, 629-30 (1962). "Incident to this power, the judge may impose formal sanctions upon dilatory litigants," including "an order dismissing the action with or without prejudice." Mingo v. Sugar Cane Growers Co-op. of Fla., 864 F.2d 101, 102 (11th Cir. 1989). Dismissal is

warranted, however, "only upon a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Id. (internal quotation marks omitted). "Mere delay will not suffice; [a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." Kilgo v. Ricks, 983 F.2d 189, 192-93 (11th Cir. 1993). Dismissal is not warranted where "a lesser sanction—such as a reprimand directed to [a pro se litigant's] current address—would . . . suffice." Id. (reversing district court's dismissal of claims despite pro se litigant's "good-faith efforts" to submit change of addresses).

After reviewing the facts and circumstances of this case, the Court finds that a sanction less than dismissal will suffice. Plaintiff explains that, after he moved from the address that was currently on file with the Clerk's Office, he arranged for his mail to be forwarded to his new address. (DE 42 at 1). He states that he was receiving correspondence from the Court via mail forwarding for a time, but that the Postal Service discontinued mail forwarding (apparently without his knowledge) because of a fee issue. (DE 42 at 1). After noticing Clerk's notices of undeliverable mail on the docket,[1] Defendants' counsel informed Plaintiff of his need to submit a "correct mailing address" on July 29, 2015. (DE 44 at 3). The Court noticed the same, and on July 30, 2015, ordered Plaintiff to correct his mailing address within eight days. (DE 40 at 2). Plaintiff did so the next business day. (DE 43). The Court does not find Plaintiff's reliance on the Postal Service's mail forwarding[2] or one-day delay in complying with the Court's order to be

---

[1] Plaintiff is not receiving electronic notifications of docket activity in this action.

[2] The Local Rules require counsel and pro se litigants to maintain "current contact information" with the Clerk of Court. S.D. Fla. Local R. 11.1(g). The rules do not provide a definite answer, but it is arguable that Plaintiff maintained "current contact information" by

so extreme as to warrant dismissal of his claims.

As such, a lesser sanction than dismissal is warranted. For his failure to timely submit a Notice of Current Address pursuant to this Court's Order (DE 40), the Court hereby **REPRIMANDS** Plaintiff Eric Noveshen and **REMINDS** him of his obligation, as a pro se litigant, to abide by this Court's orders and all rules of procedure, including the Local Rules for the Southern District of Florida. Dismissal may be warranted for repeated failures to follow court orders or excessive delays in filings.

Plaintiff's Motion for Leave to Excuse Late Filing (DE 42) is **GRANTED**; the Clerk of Court shall update Plaintiff's current contact information (DE 43) accordingly.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of August, 2015.

KENNETH A. MARRA
United States District Judge

---

providing a mailing address from which he was receiving forwarded mail effectively.