UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-cv-61535-MARRA

ERIC NOVESHEN :
    Plaintiff, :
:
vs. :
:
BRIDGEWATER ASSOCIATES, LP, :
    Defendant(s). :
_____ :

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO EXCUSE LATE FILING
OF CHANGE OF ADDRESS**

The Plaintiff, ERIC NOVESHEN, *Pro Se* (hereinafter "Noveshen" or the "Plaintiff"), files this Reply to Defendant's Opposition to Plaintiff's Motion for Leave to Excuse Late Filing of Change of Address, and as grounds therefore, respectfully states as follows:

1.    This is a civil action seeking declaratory relief of non-infringement of trademarks.

2.    During the pendency of this litigation the Plaintiff has moved yet, at all times had his mail forwarded and was receiving all correspondence from this Honorable Court and the Defendant.

3.    The Plaintiff has previously moved this Court and filed his Motion to Participate in Electronic Filing [DE 7] with this Honorable Court whereby the Plaintiff desired to file and *only* receive filings and orders electronically.

4.    The Plaintiff recently received communication from the Defendant's

counsel informing the Plaintiff that the Plaintiff's mail was being returned to the Court.

5. The Plaintiff immediately took issue with the United States Postal Service and corrected the issues the Postal Service was having. The Plaintiff paid the fee that the Postal Service was requesting.

6. The Plaintiff believes he has corrected the issue, but has also filed a Notice of Change of Address with this Honorable Court.

7. Despite diligent effort, the Plaintiff was uninformed that there was a deadline for the Plaintiff to file his Notice of Change of Address until the Plaintiff met with the Defendant's counsel on August 10, 2015 in respect to and in compliance of this Honorable Court's Scheduling Order [DE 38] dated July 20, 2015.

8. The Defendant's now objects to the late filing of the Plaintiff's Notice of Change of Address with, once again, what amounts to be *ad hominen* attacks on the Plaintiff.

9. This Honorable Court's Order [DE 40] dated July 29, 2015 stated that non-compliance of the order would result in dismissal of the Plaintiff's Amended Complaint due to a "lack of prosecution."

10. However, since the entry of this Order, the Plaintiff and Defendant communicated, planned and held a conference call to prepare a scheduling report in compliance with this Honorable Court's prior Order.

11. The question for this Honorable Court is whether the Defendant would be prejudiced for the delay of less than one (1) full business day and the answer is a resounding "NO."

12. The Defendant in its opposition could not claim any prejudice due to the Plaintiff requesting leave and being permitted to file his Notice of Change of

Address.

13.   There is a negligible delay of less than one (1) full business day having no adverse effect on this Honorable Court's efficient administration.

14.   This Honorable Court is empowered to accept late filings caused by inadvertence, mistake, or even carelessness.

15.   The Plaintiff has acted in good faith to correct the Plaintiff's issues as he was always receiving his mail up until recently and the Plaintiff avers to this Honorable Court that the Plaintiff is very respectful of the rules, procedures and timeliness of the proceedings mandated by this Honorable Court.

16.   As previously submitted to this Honorable Court, the Plaintiff wishes to be provided with electronic communication from this Court and respectfully moves this Honorable Court to add the Plaintiff to the electronic service list.

17.   By not receiving electronic service, it is the Plaintiff, not the Defendant, that has been prejudiced and any dismissal of the Plaintiff's Amended Complaint would only prejudice the Plaintiff.

18.   Even if this Honorable Court dismisses the Plaintiff's claims for a lack of prosecution, this would not foreclose the Plaintiff from re-filing a complaint.

19.   Moreover, the Defendant has filed a Counterclaim against the Plaintiff seeking an adjudication that is inexplicably intertwined with the exact same issues that are before this Honorable Court keeping the Plaintiff's Amended Complaint alive.

20.   The Plaintiff is now in the process of answering the Defendant's Counterclaim's claim for relief which squarely puts the pleadings in the Plaintiff's Amended Complaint still at issue before this Honorable Court.

21.   If the Plaintiff's Amended Complaint is dismissed and the Plaintiff re-

files his complaint then judicial economy should dictate that a Plaintiff's re-filed complaint and the Defendant's Counterclaim be decided in one forum and consolidated under one case.

22.     Notwithstanding the foregoing, the Plaintiff avers that the Plaintiff's Amended Complaint also presents issues of great public importance to the people and the courts located in this district by deciding issues that have litigated in other districts which would provide clarity to the issues presented before this Honorable Court.

23.     In light of the forgoing facts: (i) the Plaintiff previously requested to receive filings electronically, (ii) the Plaintiff used diligence correcting his mail issue with the postal service, (iii) the Plaintiff filed his notice within one day of the bar date, (iv) during this time, the Plaintiff and Defendant met and conferred to prepare a scheduling report in compliance with this Honorable Court's Order, and (v) the Defendant was not prejudiced in any regard whatsoever, this Honorable Court should grant the relief requested by the Plaintiff and accept the Plaintiff's Notice of Change of Address as timely and in compliance with this Honorable Court's Order.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an order granting the relief requested hereinabove namely, entering an order allowing the Plaintiff's Notice of Change of Address to be deemed timely and in compliance with this Honorable Court's Order.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this ___12th___ day of August, 2015, I manually caused the filing of the foregoing document with the Clerk of Court pursuant to the applicable Administrative Procedures. I certify that a true and correct copy of the foregoing is being served this day by e-mail to Defendant's counsel to accept service on the Defendant's behalf. I certify that a true and correct copy of the

foregoing is being served this day via transmissions of Notices of Electronic Filing generated by CM/ECF.

Eric Noveshen, *Pro Se*
436 NE 10th Ave
Fort Lauderdale, FL  33301
Telephone:  (954) 525-6215
Facsimile:  (954) 337-7669
eric@bridgewaterfund.com

*[signature]*

BY: ERIC NOVESHEN

Erik Haas, Esq.
Noah Stein, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-7615
Fax: (212) 336-1266
E-mail: nstein@pbwt.com
E-mail: ehaas@pbwt.com
Attorneys for Defendant,
Bridgewater Associates, LP


William Roppolo, Esq.
Baker & McKenzie LLP
1111 Brickell Avenue
Miami, FL 33131
E-mail:
william.roppolo@bakermckenzie.com
Attorney for Defendant,
Bridgewater Associates, LP