## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 13-cv-61535-MARRA

ERIC NOVESHEN              :
      Plaintiff,              :
                          :

vs.                          :
                          :

BRIDGEWATER ASSOCIATES, LP,  :
      Defendant(s).         :
_____  :



### MOTION TO STIKE DEFENDANT'S AFFIRMATIVE DEFENSES

The Plaintiff, ERIC NOVESHEN, *Pro Se* (hereinafter "Noveshen" or the "Plaintiff"), pursuant to Fed. R. Civ. P. 12(f), hereby moves for the entry of an order striking Defendant's, First, Third, Fourth, Fifth, Eighth, Ninth, Tenth, Twelfth, and Thirteenth Affirmative Defenses, and as grounds therefore, files this memorandum in support by respectfully states as follows:

### I.    INTRODUCTION

Plaintiff's Complaint was filed on July 16, 2013 and was amended on March 2, 2015 (the "Amended Complaint") seeking declaratory relief of non-infringement of trademarks and the return of certain domain names that were transferred to the Defendant. On August 3, 2015, Defendant filed its Answer and Affirmative Defenses (the "Answer") asserting thirteen (13) affirmative defenses against Plaintiff's Complaint (the "Affirmative Defenses"). Plaintiff, pursuant to Rule 12(f), hereby moves for the entry of an order striking Defendant's First Affirmative Defense (Failure to state a claim), Third Affirmative Defense (Waiver, Laches, and Estoppel), Fourth Affirmative Defense (Good Faith), Fifth Affirmative Defense

(Doctrines of Comparative and/or Contributory Fault), Eighth Affirmative Defense (Failure to Join Indispensable Parties), Ninth Affirmative Defense (Failure to Mitigate Damages), Tenth Affirmative Defense (No False Statements), Twelfth Affirmative Defense (Suffered No Damages), and Thirteenth Affirmative Defense (Rely Upon Additional Defense). As explained more fully below, each of the affirmative defenses is insufficient and, accordingly, the Court should grant Plaintiff's Motion.

## II.    ARGUMENT

### A. Legal Standard

Affirmative defenses included in an answer are a pleading that must provide "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir.1999). The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[A] defense will be stricken if it is insufficient as a matter of law." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005). An affirmative defense may also be stricken as insufficient if: "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Blount v. Blue Cross and Blue Shield of Florida, Inc.*, Case No. 3:10-cv-1151-J-34MCR, 2011 WL 672450 (M.D.Fla. Feb. 17, 2011). Thus, in determining whether to strike an affirmative defense under Rule 12(f), the court should determine whether "the matter [ ] withstand[s] a Rule 12(b)(6) challenge." *Williams v. Provident Inv. Counsel, Inc.*, 279 F.Supp.2d 894, 906 (N.D. Ohio 2003). Motions to strike "may be granted if they remove unnecessary clutter from

a case and expedite, rather than delay, the case." ***Spencer County Redevelopment Com'n v. AK Steel Corp.***, 2011 WL 3806947 (S.D. Ind. 2011) (citation omitted).

### B. Defendant's Affirmative Defenses Are Insufficient and Should be Stricken

#### 1. Defendant's First Affirmative Defense (Fails to State Claims) Should be Stricken

In their first affirmative defense, Defendant recites the bare-bone element of a cause of action against the "Defendant [sic] agents." Plaintiff's Amended Complaint has already survived the Defendant's Rule 12(b) motions to dismiss. The Amended Complaint sets forth claims against the Defendant making this affirmative defense and the legal concept invoked by the Defendant inapplicable under the facts alleged. Failure to state a claim is considered a defect in a complaint and it is not an additional set of facts that bars recovery notwithstanding a valid *prima facie* case. As such, the Defendant's "failure to state claims" is not properly asserted as an affirmative defense must be stricken as legally insufficient. "Certainty is required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient." ***Cady v. Chevy Chase Sav. & Loan, Inc.***, 528 So.2d 136, 138 (Fla. 4th DCA 1988) at 137-38.

#### 2. Defendant's Third Affirmative Defense (Waiver, Laches, and Estoppel) Should be Stricken

The Defendant has the burden of proof to establish the affirmative defenses alleged in the Answer and Affirmative Defenses however, the Defendant has presented no evidence of waiver or estoppel for the Defendant to use these defenses. Defendant provides to this Court no allegations that the Plaintiff waived any claims he had against Defendants. Nor does the Defendant allege why

Plaintiff is estopped from asserting his claims against them. Defendants do not allege why Plaintiff is estopped from asserting his claims. An estoppel affirmative defense requires specific facts to place the Plaintiff on notice of what the Plaintiff did to consent, approve, ratify or authorize the Defendant's conduct described in the Amended Complaint. These are the type of "bare bones conclusory allegations [that] must be stricken" for failure to comply with Federal Rule of Civil Procedure 8. *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005). See also *Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Machine Sys. U.S.A., Inc.*, No. 04-60861-CIV-Martinez, 2005 WL 975773 (S.D. Fla. March 4, 2005) (recommending that affirmative defenses of failure to state a claim, failure to mitigate damages waiver and estoppel, and unclean hands be stricken without prejudice, because each of these affirmative defenses contained only "a bare-bone conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand").

Embedded in the Defendant's third affirmative defense is the defense of laches.  Typically Laches is also an equitable remedy that is fact intensive, usually making it an unsuitable basis for dismissal at the pleading stage. *Barineau v. Barineau*, 662 So. 2d 1008, 1008 (Fla. Dist. Ct. App. 1995) (material issues of fact as to the affirmative defense of laches). Laches is different from a statute of limitations defense and requires some basic factual allegations. The equitable doctrine of laches "prevents a plaintiff who has slept on his rights from enforcing those rights against a defendant." *Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1319 (11th Cir. 2008). As succinctly stated above, bare bones conclusory allegations must be stricken. See *Fleet Bus. Credit Corp. v. Nat'l City Leasing Corp.*, 191 F.R.D. 568, 569-70 (N.D. Ill. 1999) (striking affirmative defenses which simply stated that plaintiff's claims were

barred, in whole or part, "by the doctrine of laches" and "by the doctrines of waiver and estoppel"). Without more factual allegations, there is no plausible basis set forth for a laches defense and must be stricken without prejudice.

### 3. Defendant's Fourth Affirmative Defense (Good Faith) Should be Stricken

In their fourth affirmative defense, the Defendant purports to have taken "good faith" in their actions. As a preliminary matter, the defense constitutes a general denial of Plaintiff's allegations at issue in this case. The Plaintiff's Amended Complaint is a declaratory action seeking to overturn a legally flawed WIPO decision based upon the UDRP rules. There is no conditions precedent required by either party prior to the prosecution of the Plaintiff's claims. This Honorable Court is required to adjudicate the Plaintiff's Amended Complaint on a de novo basis. As such, an affirmative defense of "good faith" is a mere denial of the Plaintiff's claims. This denial by the Defendant renders the defense insufficient as a matter of law. *Vallesillo v. Remaca Truck Repairs, Inc.*, No. 09-80714-CIV, 2009 WL 4807397, at *4 (S.D. Fla. Dec. 4, 2009) (a defense which generally denies the allegations of the complaint is legally insufficient and must be stricken)

### 4. Defendant's Fifth Affirmative Defense Must Be Stricken Because the "Doctrine of Comparative and/or Contributory Fault" Is Not A Valid Defense To This Legal Action

In their fifth affirmative defense, Defendant recites that the Plaintiff's claims in the Amended Complaint are "barred in whole or in part by the doctrines of comparative and/or contributory fault." Florida's comparative negligence law renders a party liable only for the share of total damages proportional to its fault. The Supreme Court of Florida has held that the comparative fault statute, Fla. Stat.

§ 768.81, permits a defendant in a *negligence* action to seek apportionment of a plaintiff's damages among nonparties based on percentage of fault. See ***Fabre v. Marin***, 623 So. 2d 1182, 1185 (Fla. 1993).  The Plaintiff's Amended Complaint is not a negligence action.  Defendant makes no showing by putting the Plaintiff on notice that all or part of Plaintiff's alleged damages herein were caused by the negligence of non-parties, third parties, or persons over whom the Defendant(s) had no dominion or control. The Defendant's fifth affirmative defense should be stricken with prejudice.

### 5.     Defendant's Eighth Affirmative Defense (Failure to Join Indispensable Parties) Should be Stricken

In their eighth affirmative defense, the Defendant recites that the Plaintiff's claims in the Amended Complaint are "barred, in whole or in part, due to his failure to join indispensable parties."  Like Defendant's other affirmative defenses, this defense is entirely without merit. A party is only "indispensable" if in its absence, the court cannot accord complete relief among the existing parties, or proceeding without the party will impede the party's interests. Fed. R. Civ. P. 19(a)(1). Moreover, the Defendant does not allege that any third party (who is unidentified) meets the Rule 19 definition of an indispensable party. Specifically, the Defendant does not assert why full relief cannot be accorded between themselves and Plaintiff. Therefore, this Court may accord full relief under the claims alleged among the existing parties and strike the Defendant's eighth affirmative defense with prejudice.

### 6.     Defendant's Ninth Affirmative Defense (Failure to Mitigate Damages) Should be Stricken

In their ninth affirmative defense, the Defendant purports that the Plaintiff's claims "are barred, in whole or in part…because he failed to mitigate his

damages." The Defendant couches denials that the Plaintiff "would be unjustly enriched" and that the Plaintiff's claims are "speculative and remote." Affirmative defenses must follow the general pleading requirements contained in Rule 8 of the Federal Rules of Civil Procedure. A party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). As with any pleading, an affirmative defense must provide "fair notice" of the nature of the defense and the grounds upon which it rests, ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 555 (2007), and state a plausible defense. ***Ashcroft v. Iqbal***, 556 U.S. 662, 678-79 (2009).

The Defendant is required to show how the Plaintiff failed or had a coordinate duty to mitigate damages in a declaratory action. The Defendant has not pled any allegations that would support this legal theory nor does the Defendant indicate how the theory is connected to the case at hand. See e.g., ***Ivanhoe Fin., Inc. v. Highland Banc Corp.*** No. 03-C-7336, 2004 WL 2091997, *3-*4 (N.D. Ill. Sept. 15, 2004) (striking defenses where defendants failed to state what measures plaintiff allegedly failed to take to mitigate damages and failed to allege all of the elements for laches and unclean hands). Thus, the Defendant has given no notice that is remotely sufficient of the legal and factual grounds of the Defendant's ninth affirmative defense. See ***Twombly***, 550 U.S. at 555; ***Iqbal***, 556 U.S. at 678-79.

### 7.      Defendant's Tenth Affirmative Defense (No False Statements) Should be Stricken

In their tenth affirmative defense, the Defendant purports that they have made no statements that were "false or misleading" as alleged in the Plaintiff's Amended Complaint. The defense constitutes a general denial of Plaintiff's allegations at issue in this case. As with many of the Defendant's defenses, the defense insufficient as a matter of law. ***Vallesillo v. Remaca Truck***

*Repairs, Inc.*, No. 09-80714-CIV, 2009 WL 4807397, at *4 (S.D. Fla. Dec. 4, 2009) (a defense which generally denies the allegations of the complaint is legally insufficient and must be stricken)

### 8. Defendant's Twelfth Affirmative Defense (Suffered No Damages) Should be Stricken

In their twelfth affirmative defense, the Defendant purports that the Plaintiff's claims "are barred, in whole or in part, because he suffered no damages." The Defendant couches their denials of the Plaintiff's claims. Affirmative defenses must follow the general pleading requirements contained in Rule 8 of the Federal Rules of Civil Procedure. Additionally, as a preliminary matter, the defense constitutes a general denial of Plaintiff's allegations that the Plaintiff was the owner of the domain names that were ultimately ordered to be transferred to the Defendant, which is at issue in this case.  This denial by the Defendant renders the defense insufficient as a matter of law. *Vallesillo v. Remaca Truck Repairs, Inc.*, No. 09-80714-CIV, 2009 WL 4807397, at *4 (S.D. Fla. Dec. 4, 2009) (a defense which generally denies the allegations of the complaint is legally insufficient and must be stricken)

### 9. Defendant's Thirteenth Affirmative Defense (Rely Upon Additional Defenses) Should be Stricken

Finally, this Court must also strike the Defendant's thirteenth affirmative defense, through which the Defendant attempts to reserve the right to assert additional defenses in the future. This statement is a nullity and surplusage as the Defendant will be required to move this Honorable Court and make a showing for leave to amend to raise new defenses. Such a motion will be considered on its own merits, without regard to the Defendant's any reservation of rights as they attempt to do in this affirmative defense. They get no added benefit

or consideration by having reserved a right to amend at a later date. Although this type of affirmative defense is typically done by vexatious litigants such as the Defendant, the statement has no efficacy and is not justifiable in Federal Court as an affirmative defense.

## III.   CONCLUSION

For each of the foregoing reasons, Defendant's Affirmative Defenses should be stricken.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an order:

(A) Granting Plaintiff's Motion to Strike Defendant's First, Third, Fourth, Fifth, Eighth, Ninth, Tenth, Twelfth, and Thirteenth Affirmative Defenses;

(B) Striking or summarily dismissing Defendant's First, Third, Fourth, Fifth, Eighth, Ninth, Tenth, Twelfth, and Thirteenth Affirmative Defenses;

(C) Granting Plaintiff such other and further relief as this Honorable Court deems just and proper.


Dated: August 21, 2015            Respectfully submitted,

                                  Eric Noveshen, *Pro Se*

                                  _____
                                  BY: ERIC NOVESHEN
                                  436 NE 10th Ave
                                  Fort Lauderdale, FL  33301
                                  Telephone:  (954) 779-2727
                                  Facsimile:  (954) 337-7669
                                  eric@bridgewaterfund.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this __21st__ day of August, 2015, I manually caused the filing of the foregoing document with the Clerk of Court pursuant to the applicable Administrative Procedures. I certify that a true and correct copy of the foregoing is being served this day by e-mail to Defendant's counsel to accept service on the Defendant's behalf. I certify that a true and correct copy of the foregoing is being served this day via transmissions of Notices of Electronic Filing generated by CM/ECF.

BY: ERIC NOVESHEN

Erik Haas, Esq.
Noah Stein, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-7615
Fax: (212) 336-1266
E-mail: ehaas@pbwt.com
E-mail: nstein@pbwt.com
Attorneys for Defendant,
Bridgewater Associates, LP


William Roppolo, Esq.
Baker & McKenzie LLP
1111 Brickell Avenue
Miami, FL  33131
E-mail:
william.roppolo@bakermckenzie.com
Attorney for Defendant,
Bridgewater Associates, LP