UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO.: 13-61535-CIV-MARRA/MATTHEWMAN

------------------------------------- x
ERIC NOVESHEN,                         :
                                       :
              Plaintiff,               :
                                       :
       v.                              :
                                       :
BRIDGEWATER ASSOCIATES, LP             :
                                       :
              Defendant.               :
                                       :
------------------------------------- x

## JOINT SCHEDULING AND DISCOVERY REPORT

Pursuant to Federal Rule of Civil Procedure 26 and Local Rule 16.1(b)(2), Plaintiff Eric Noveshen ("Noveshen" or "Plaintiff") and Defendant Bridgewater Associates, LP ("Bridgewater Assoc." or "Defendant") (collectively, the "Parties"), submit the following Joint Scheduling Report and attached Joint Proposed Scheduling Order.

## DISCOVERY PLAN

**A. Changes in timing, form, or requirements under Fed. R. Civ. P. 26(a):**

The Parties propose that the initial disclosures and exchanges set forth in Federal Rule of Civil Procedure 26(a)(1) shall be made no later than 14 days after the entry of this Court's Scheduling Order.

**B. Subjects on which discovery may be needed, when discovery should be completed, and how discovery should be conducted:**

The Parties agree all claims remaining in this suit – i.e., Plaintiff's claims for declaratory judgment of non-infringement and unjust enrichment, and Defendant's counterclaim of infringement – will be resolved by the determination of whether Plaintiff did, or did not, have a bad faith intent to profit from Internet domain names he registered or used, that incorporate Defendant's registered trademarks.

Discovery on that issue will be needed to determine liability, and that discovery should be conducted in phases and completed within six months, as detailed below.

C. **Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

All electronically stored information shall be produced in either electronic format as a PDF file or in printed hardcopy format. A true and correct copy of any and all electronically stored data that is responsive to a discovery request shall be preserved by the party receiving the request. This true and correct copy will be produced by email attachment; or saved to a CD-ROM disc and sent by FedEx, UPS, or Priority Mail; or printed to hardcopy format and sent by FedEx, UPS, or Priority Mail. Information that is not reasonably accessible, including information stored on backup tapes, will be identified in discovery responses. Should the requesting party desire that sources identified as not reasonably accessible be searched for discoverable information, the costs of said search will be borne by the requesting party.

The Parties further agree to take reasonable steps and to adjust retention practices accordingly in order to preserve electronically stored information related to the claims alleged in this case.

D. **Any issues relating to claims of privilege or of protection as trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in an order:**

The Parties have not identified any issues at this time.

E. **Whether changes should be made in limitations on discovery under the Federal and Local Rules:**

The Parties agree that no changes are necessary at this time.

F. **Other orders that should be entered by the court under Fed. R. Civ. P. 26(c) or 16(b) and (c):**

The Parties are not aware of any orders that should be entered by the Court under Rules 26(c) or 16(b) or (c) at this time.

## CONFERENCE REPORT

A. **Likelihood of Settlement:**

Settlement is unlikely at present.

B. **Likelihood of Appearance of Additional Parties:**

The parties could not reach agreement on this issue:

**Bridgewater Assoc.'s position:** Bridgewater Assoc. reserves the right to add additional Defendants-in-Counterclaim that may become known after seeing Noveshen's response to Bridgewater's Counterclaim or during the course of discovery. Because Plaintiff has already had an opportunity to amend his Complaint, Plaintiff may amend to add additional Defendants only on a showing of good cause.

**Noveshen's position:** Currently, it is unlikely that other parties will appear in this action however, each Party reserves the right to add additional parties during the course of discovery.

C. **Proposed Time Limits:**

| | | |
|---|---|---|
| i. | Serve Rule 26(a)(1) initial disclosures: | 14 days after entry of scheduling order |
| ii. | Serve initial discovery demands: | 10/8/15 (~45 days after entry of scheduling order) |
| iii. | Join other parties and amend pleadings: | 10/29/15 (21 days after prior deadline) |
| iv. | Document discovery deadline: | 12/6/15 (38 days after prior deadline) |
| v. | Close of fact discovery: | 2/4/16 (60 days after prior deadline) |
| vi. | File dispositive motions: | 3/4/16 (30 days after prior deadline) |

D. **Proposals for the Formulation and Simplification of the Issues:**

The Parties agree to meet before the Pretrial Conference to discuss any proposals for the formulation and simplification of the issues.

E. **Necessity of Amendments to the Pleadings:**

The parties could not reach agreement on this issue:

**Bridgewater Assoc.'s position:** Bridgewater Assoc. reserves the right to amend its Counterclaim after reviewing Noveshen's response to the Counterclaim and as discovery progresses. Because Plaintiff has already had an opportunity to amend his Complaint, Plaintiff may amend only on a showing of good cause.

**Noveshen's position:** An amendment to Defendant's Counterclaim may be necessary depending on any outcomes of any pending motions to dismiss. Each party may seek to amend their claims as discovery progresses upon leave from the Court.

**F. Possibility of Obtaining Admissions of Fact and of Documents:**

The Parties will meet after the applicable discovery cut-off date and the pretrial conference to discuss stipulations regarding the authenticity of documents and the need for advance rulings from the Court on the admissibility of evidence that will avoid unnecessary proof at trial.

**G. Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence:**

In addition to stipulating to facts and the authenticity of documents whenever possible, the Parties will seek pretrial determinations of the admissibility of evidence in order to streamline trial.

**H. Referring Matters to a Magistrate Judge or Master:**

The Parties have no objection to referring discovery motions to the magistrate assigned to this case.

**I. Preliminary Estimate of Time for Trial:**

The Parties estimate trial will take three days to five days.

**J. Requested Date(s) for Conference Before Trial, a Final Pretrial Conference, and Trial:**

At this time, the Parties do not anticipate the need for a conference prior to the final pretrial conference. Should the Parties subsequently require such a conference, they will make the appropriate request to the Court. The Parties agree on a final pretrial conference on or around May 9, 2016, and trial on or around May 16, 2016.

**K. Any Other Information Helpful to the Court:**

None at this time.

Dated:   August 24, 2015

_____
Eric Noveshen
436 NE 1th Ave
Fort Lauderdale, FL. 33301

*Plaintiff*

PATTERSON BELKNAP WEBB & TYLER LLP 1133
Avenue of the Americas
New York, New York 10036

Telephone:  (212) 336-2000
Facsimile:  (212) 336-2222

By:  __/s/  Erik Haas_____
Erik Haas (ehaas@pbwt.com) *admitted pro hac vice*
Noah Stein (nstein@pbwt.com) *admitted pro hac vice*
Anthony DeCinque (adecinque@pbwt.com)

BAKER & McKENZIE LLP
Sabadell Financial Center
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8900
Facsimile:  (305) 789-8953

William V. Roppolo (william.roppolo@bakermckenzie.com)
Florida Bar No. 182850

*Attorneys for Bridgewater Associates*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 24, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ William V. Roppolo  
      William V. Roppolo

## SERVICE LIST

**ERIC NOVESHEN**

v.

**BRIDGEWATER ASSOCIATES**
**Case No.: 13-CV-61535-MARRA**

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA**

Eric Noveshen
436 NE 10th Ave
Fort Lauderdale, FL. 33301
Fax: (954) 337-7669
Email: eric@bridgewaterfund.com