UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 13-cv-61535-MARRA
Honorable Judge Kenneth A. Marra

**ERIC NOVESHEN**
    Plaintiff,

vs.

**BRIDGEWATER ASSOCIATES, LP,**
    Defendant(s).



**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(A)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND SOUTHERN DISTRICT OF FLORIDA LOCAL RULE 26.1(A)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Rule 26.1(a) of the Local Rules of the United States District Court for the Southern District of Florida, and the Order for Discovery Deadlines entered August 25, 2015, (DE 51), the Plaintiff, ERIC NOVESHEN, *Pro Se* (hereinafter "Noveshen" or the "Plaintiff"), hereby make the following disclosures.

These disclosures are based on information presently known and reasonably available to the Plaintiff and which the Plaintiff reasonably believes it may use in support of its claims and defenses. Continuing investigation and discovery may cause the Plaintiff to amend these initial disclosures, including by identifying other potential witnesses, documents and by disclosing other pertinent information. The Plaintiff therefore reserves the right to supplement these initial disclosures.

COURT_BWC #2015-1002 – 26(A)(1) INITIAL DISCLOSURES

**A. The name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

The Plaintiff identifies the following non-exhaustive list at this time which the Plaintiff believes to have discoverable information relating to the material facts supporting the Plaintiff's Amended Complaint's allegations, including:

1. Eric Noveshen

    436 NE 10th Ave
    Fort Lauderdale, FL 33301

Eric Noveshen is likely to have information regarding the events as alleged in the Plaintiff's Amended Complaint.

2. Raymond Dalio

    Bridgewater Associates, LP
    1 Glendinning Place,
    Westport CT 06880 US
    Tel.: 203-341-4373

Raymond Dalio is likely to have information regarding the strength (or lack thereof) of the various alleged common law trademarks that are at issue in this case. Raymond Dalio is also likely to have information regarding the status of the alleged trademark at issue in this case. Raymond Dalio is also likely to have knowledge of the records of any revenues (or lack thereof) received from the trademark at issue in this case. Furthermore, in his capacity as an officer, agent and shareholder of Bridgewater Associates, LP, a party to this case, Plaintiff expects that Raymond Dalio will have knowledge of and access to certain corporate documents and records, including, but not limited to, regulatory filing to any governmental agency, financial records, the names of customers, and contact information of past employees of Bridgewater Associates, LP, which may support Defendant's

defenses in this case. Finally, Raymond Dalio may also have knowledge regarding Defendant's Counterclaims and their purported damages.

3.  GOOGLE / Google.com / Google, Inc.
    Google Inc. (Corporate HQ)
    1600 Amphitheatre Parkway
    Mountain View, CA 94043
    Tel.: (650) 253-0000
    Fax: (650) 253-0001
    Email address: legal@google.com

This corporation may have knowledge of issues relevant to this case, including but not limited Defendant's search engine optimization efforts and internet advertising practices of the Defendant, among other matters.

4.  GODADDY.COM & DOMAINS BY PROXY
    Corporate Headquarters
    14455 N. Hayden Rd., Ste. 226
    Scottsdale, AZ 85260
    USA Phone number: +1 (480) 505-8800
    Tel.: +1 (480) 624-2546
    Email address: support@godaddy.com

This corporation may have knowledge of issues relevant to this case, including but not limited this third-party's practices of placing commercial ads on websites and knowledge of any payments to the Plaintiff, among other matters.

5.  Individuals who have submitted Declarations or Affidavits in support of any party's motions to the Court in this case.

These individuals may have knowledge of issues relevant to this case, including but not limited Defendant's representations and omissions, among other matters.

6. Individuals who have submitted Declarations or Affidavits in support of the Defendant's positions in this case or before any governmental agency.

These individuals may have knowledge of issues relevant to this case, including but not limited Defendant's representations and omissions, among other matters.

7. Individuals who provide capital fundraising for the Defendant.

These individuals may have knowledge of issues relevant to this case, including but not limited Defendant's representations, omissions, operations, and practices, among other matters.

8. Individuals who provide capital fundraising for the Defendant.

These individuals may have knowledge of issues relevant to this case, including but not limited Defendant's representations, omissions, operations, and practices, among other matters.

9. Past or present employees, partners, affiliates, officers, directors, principals, representatives, agents, or other persons acting on the behalf of the Defendant(s).

These individuals are likely to have knowledge of issues relevant to this case, including but not limited to Defendant's representations, omissions, operations, and practices, among other matters. Plaintiff will provided information regarding individuals upon whom the Plaintiff will rely who meet this description and of whom the Plaintiff is aware. As additional specific individuals become known to the Plaintiff relevant to these disclosures, Plaintiff will disclose their identities.

COURT_BWC #2015-1002 – 26(A)(1) INITIAL DISCLOSURES

**B.     A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

  A. Documents relating to Defendant's operations, including investment organization and management, including bylaws, operating procedures, partnership agreements, receipts, membership applications, business plans; and documents related to affiliated entities;

  B. Documents relating to Defendant's advertising and customer acquisition practices;

  C. Documents relating to Defendant's filings with governmental agencies;

  D. Emails in the possession of the Defendant and JP Morgan Chase concerning the Plaintiff;

  E. Emails in the possession of the Defendant and any third party surrounding the ownership of certain domain names at issue in this lawsuit;

**C.     A computation of any category of damages claimed by the disclosing party, making available for inspection and/or as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosures, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

In general, the Plaintiff seeks a declaratory judgment and to recover property transferred to the Defendant, and all equitable causes of action related to this action and said transfers, which the Defendant has received as a result of the acts or courses of conduct alleged in the Amended Complaint. See Amended

COURT_BWC #2015-1002 – 26(A)(1) INITIAL DISCLOSURES

Complaint. [DE 31] (or any Amended Complaint subsequently filed). The damages sought by Plaintiff are identified with specificity in the Plaintiff's Amended Complaint (or any Amended Complaint subsequently filed) and are subject to further amendment during the ongoing course of discovery. Plaintiff is claiming actual, statutory and punitive damages in the Plaintiff's Amended Complaint (or any Amended Complaint subsequently filed); however, the amounts of those damages has not yet fully been computed absent discovery and are unknown at this time.

**D. For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

The Plaintiff is not aware of any insurance that is relevant to this matter. The Plaintiff reserves its right to supplement or amend this disclosure statement.

Dated: October 2, 2015            Respectfully submitted,

Eric Noveshen, *Pro Se*

_____
BY: ERIC NOVESHEN
436 NE 10th Ave
Fort Lauderdale, FL  33301
Telephone:  (954) 779-2727
Facsimile:  (954) 337-7669
eric@bridgewaterfund.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this __2nd__ day of October, 2015, I manually caused the filing of the foregoing document with the Clerk of Court pursuant to the applicable Administrative Procedures. I certify that a true and correct copy of the foregoing is being served this day by e-mail to Defendant's counsel to accept service on the Defendant's behalf. I certify that a true and correct copy of the foregoing is being served this day via transmissions of Notices of Electronic Filing generated by CM/ECF.

BY: ERIC NOVESHEN

Erik Haas, Esq.
Anthony DeCinque, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-7615
Fax: (212) 336-1266
E-mail: ehaas@pbwt.com
E-mail: adcinque@pbwt.com
Attorneys for Defendant,
Bridgewater Associates, LP


William Roppolo, Esq.
Baker & McKenzie LLP
1111 Brickell Avenue
Miami, FL  33131
E-mail: william.roppolo@bakermckenzie.com
Attorney for Defendant,
Bridgewater Associates, LP

COURT_BWC #2015-1002 – 26(A)(1) INITIAL DISCLOSURES