UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ERIC NOVESHEN
   Plaintiff,

vs.                                          13-cv-61535-KAM

BRIDGEWATER ASSOCIATES, LP,
   Defendant
_____/

## NON-PARTY WITNESS CHERYL WILSON'S
## MOTION TO QUASH SUBPOENA

### Facts

Defendant in this case have subpoenaed non-party witness Cheryl Wilson's ("Wilson") personal financial documents. Wilson is not a party to this litigation and has a personal interest in the bank records that the Defendant subpoenaed. They have asked that Wilson's personal bank, Stonegate Bank, provide the following:

1. All account opening documents and signature cards relating to any accounts in the
   name of Cheryl Wilson, who is believed to have opened an account at the Hallandale Beach, Florida, location of Stonegate Bank.
2. All account opening documents and signature cards relating to any safe deposit boxes in the name of Cheryl Wilson, who is believed to have opened an account at the
   Hallandale Beach, Florida, location of Stonegate Bank.
4. All Stonegate account statements for any accounts in the name of Cheryl Wilson, including the following detail: checks (front and back), deposits, withdrawals, wires, ACH's and transfers.
6. All wire transfer memoranda regarding money transferred into or out of any account in the name of Cheryl Wilson.

1

See Attachment 1

Because the subpoenas place an undue burden on a non-party witness, and the personal and private financial information is being sought of a non-party to this litigation, the subpoena should be quashed.

## Reasoning

Rule 26(c) allows the Court, for good cause, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Among the relevant factors to be balanced are considerations of the public interest, the need for confidentiality, and privacy interests. Wilson is a private citizen with private affairs and has no interest in this litigation. Westco, Inc. v. Scott Lewis' Gardening & Trimming, Inc., 26 So.3d 620, 622 (Fla. 4th DCA 2009) ("When confidential information is sought from a non-party, the trial court must determine whether the requesting party establishes a need for the information that outweighs the privacy rights of the non-party."). Wilson's personal financial documents sought by the Defendant's subpoena are protected from disclosure by Article 1, Section 23 of the Florida Constitution and by Florida Statute § 655.059(2)(b).

For the reasons set forth below, the defendant has made a request that clearly places an undue burden on a non-party witness, has not shown any need whatsoever for the evidence, much less a crucial need, and the witness should not be forced to incur significant time and financial expense to respond to the overly broad, harassing, and inconsequential subpoena. It is the belief of non-party Wilson that her bank was served these subpoenas solely for the purpose of harassment. Wilson is the Plaintiff's Mother and there are individuals that have been posting anonymous disparaging information about the Plaintiff and Wilson.

2

When I spoke with Defendant's counsel they indicated that they spoke with an individual that gave them the "credible information."

The only possible purposes of these subpoenas are harassment of non-party witness Wilson, or a fishing expedition by the Defendant that the non-party witness Wilson should not have to fund or be the target of because of an individual's vendetta.

Wilson has spoken with counsel of the defendant on January 26, 2016 and asked them to withdraw their subpoena. Defendant's counsel said that they have received "credible information" from a third party and spoken with a third party that they believe and Defendant's counsel is going to "follow up in the lead." Wilson submits the attached affidavit for the Court to review. <u>See attachment 2</u>. Wilson respectfully requests a hearing on the matter prior to any private financial documents being sent to the Defendant.

After reviewing the subpoena, it is clear that the only purpose of the subpoena was to harass, embarrass, and incur expenses for a non-party witness, simply because she is the mother of the plaintiff. The subpoena should be quashed in its entirety, and sanctions should be levied against the defendant.

## CERTIFICATION OF PRE-FILING CONFERENCE

Pursuant to Local Rule 7.1(A)(3), Wilson certifies that, prior to filing this motion to quash, Wilson conferred verbally with Defendant's counsel in a good faith effort to resolve by agreement the issues raised in the instant motion but was unable to do so.

<u>Dated: January 26, 2016</u>     Respectfully submitted,

Cheryl Wilson

3

*[signature: Cheryl Wilson]*
BY: Cheryl Wilson
421 NE 14th Ave
Hallandale, FL 33009
Telephone: (954) 456-6321
Facsimile: (954) 456-6321
icuwilson@aol.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this __26th__ day of January, 2016, I manually caused the filing of the foregoing document with the Clerk of Court pursuant to the applicable Administrative Procedures.

*[signature: Cheryl Wilson]*
BY: Cheryl Wilson

Erik Haas, Esq.
Anthony DeCinque, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-7615
Fax: (212) 336-1266
E-mail: ehaas@pbwt.com
E-mail: adcinque@pbwt.com
Attorneys for Defendant,
Bridgewater Associates, LP

Walter J Mathews, Esq.
D. Patricia Wallace, Esq.
Mathews Wallace LLP
200 S. Andrews Avenue, Suite 601
Fort Lauderdale, FL 33301
Telephone: (954) 463-1929
Fax: (954) 653-2963
E-mail: pwallace@wjmlawfirm.com
E-mail: wjmathews@wjmlawfirm.com
Attorneys for Defendant,
Bridgewater Associates, LP

4

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| Eric Noveshen ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 13-CV-61535-MARRA |
| Bridgewater Associates, LP, ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Stonegate Bank
1430 North Federal Highway, Fort Lauderdale, FL 33304

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment "A".

| Place: Mathews Wallace LLP<br>200 S. Andrews Ave., Suite 601<br>Fort Lauderdale, Florida 33301 | Date and Time:<br><br>02/04/2016 3:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/25/2016

*CLERK OF COURT*
                                                    OR
_____          s/ Walter J. Mathews
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Bridgewater Associates, LP                                        , who issues or requests this subpoena, are:
Mathews Wallace LLP, 200 S. Andrews Ave., Suite 601, Fort Lauderdale, Florida 33301 (954) 463-1929

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

ATTACHMENT 1

Attachment A
Stonegate Bank

## I. DEFINITIONS

A. **"Document"** means electronically stored information, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

B. **"Referring to"** or **"relating to"** means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

C. **"Bridgewater"** means Bridgewater Capital Ltd., Bridgewater Advisors, LLC, Bridgewater Capital LLC and/or any of their employees, agents, independent contractors, parents, subsidiaries, and/or affiliates including, but not limited to Eric Noveshen, Peter Gennuso and Arthur Marcus.

## II. INSTRUCTIONS

A. **Applicable Time Period:** The applicable time period shall be from January 1, 2006 through the date of your response to this Subpoena.

## III. REQUESTED DOCUMENTS

1. All account opening documents and signature cards relating to any accounts in the name of Cheryl Wilson, who is believed to have opened an account at the Hallandale Beach, Florida, location of Stonegate Bank.

2. All account opening documents and signature cards relating to any safe deposit boxes in the name of Cheryl Wilson, who is believed to have opened an account at the Hallandale Beach, Florida, location of Stonegate Bank.

3. All account opening documents and signature cards relating to any accounts in the name of Bridgewater as defined above.

4. All Stonegate account statements for any accounts in the name of Cheryl Wilson, including the following detail: checks (front and back), deposits, withdrawals, wires, ACH's and transfers.

5. All Stonegate account statements for any accounts in the name of Bridgewater as defined above, including the following detail: checks (front and back), deposits, withdrawals, wires, ACH's and transfers.

6. All wire transfer memoranda regarding money transferred into or out of any account in the name of Cheryl Wilson.

7. All wire transfer memoranda regarding money transferred into or out of any account in the name of Bridgewater as defined above.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**ERIC NOVESHEN**
    **Plaintiff,**

vs.                                                                                   13-cv-61535-KAM

**BRIDGEWATER ASSOCIATES, LP,**
    **Defendant**
_____/

## CHERYL WILSON'S AFFIDAVIT

STATE OF FLORIDA    )
                                    ) ss:
COUNTY OF BROWARD  )

**BEFORE ME,** personally appeared, CHERYL WILSON, who, after being first duly sworn, deposes and states as follows:

1. My name is **CHERYL WILSON**, I am over eighteen years of age and have personal knowledge of all facts and circumstances set forth herein.

2. I am filing a motion to quash a subpoena in the above styled case and if called upon as a witness, I could and would competently testify to the following facts of which I have personal knowledge:

3. I was made aware that the Defendant in this litigation subpoenaed my private financial information from my bank accounts located at Stonegate Bank.

4. I have an interest in these documents by virtue that they contain my private and personal financial information including each transaction.

5. I have never been an officer or director or employee of the Plaintiff or Bridgewater Advisors LLC or Bridgewater Capital Ltd.

6. I have never been a signatory on any of the Plaintiffs personal bank accounts.

7. I have never been a signatory on any of the Bridgewater Advisors LLC or Bridgewater Capital Ltd. Bank accounts.

8. The plaintiff is not a signatory on any of my bank accounts.

Page 1 of 2

9. On January 26, 2016 I spoke with the defendants counsel indicating this information Defendants counsel stated that they have an individual that has given them "credible information."

10. The defendants counsel stated that they have spoken with this individual as well.

11. I told defendants counsel that the information is a pure "lie."

12. Defendants counsel indicated that they will not withdraw the subpoena for my private and personal financial information causing me to seek the relief from this court

13. The subpoena for my personal and private financial documents has nothing to do with this lawsuit.

**FURTHER AFFIANT SAITH NOT**

**UNDER PENALTY OF PERJURY,** the Defendant, **CHERYL WILSON** states that she has read the foregoing and the facts contained therein are true and correct.

DATED this 26 day of January, 2016.

_Cheryl Wilson_
CHERYL WILSON

**BEFORE ME**, the undersigned duly authorized authority, personally appeared **CHERYL WILSON**, who after first being duly sworn under oath and having exhibited her driver's license for identification or who is personally known to me, deposes and says he has read the forgoing and that he knows the contents thereof and has personal knowledge that the facts recited therein are true.

DATED this 26th day of January, 2016.

ROSELA MILLS
Notary Public - State of Florida
My Comm. Expires May 17, 2017
Commission # FF 012219
Bonded Through National Notary Assn.

_Rosela Mills_
NOTARY PUBLIC, STATE OF FLORIDA

_____
(Printed Name of Notary Public)

My Commission Expires:

Page 2 of 2