

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

## CASE NO. 13-cv-61535-MARRA
Honorable Judge Kenneth A. Marra

ERIC NOVESHEN              :
    **Plaintiff,**          :
                       :

**vs.**                      :
                       :

BRIDGEWATER ASSOCIATES, LP,  :
    **Defendant(s).**       :
_____ :

## PLAINTIFF'S MOTION TO QUASH SUBPOENAS

The Plaintiff, ERIC NOVESHEN, *pro se* (hereinafter "Noveshen" or the "Plaintiff"), pursuant to Rule 26(c) submits this Motion to Quash Subpoenas, and as support thereof, submits the following memorandum of law:

## MEMORANDUM OF LAW

### I.    INTRODUCTION

This action arises from the Plaintiff's fair use of the term "bridgewater" that the Defendant Bridgewater Associates, LP (the "Defendant") claims that their trademark is all encompassing. The Plaintiff's Complaint was filed on July 16, 2013 and was amended on March 2, 2015 (the "Amended Complaint") and, in summary, the only causes of action before this Honorable Court are: (i) seeking declaratory relief of non-infringement of trademarks, (ii) the return of certain

domain names that were transferred to the Defendant, and (iii) the only monetary claim, if any, against the Defendant would be statutory in nature.

On August 3, 2015, Defendant filed its Answer and Affirmative Defenses (the "Answer") asserting thirteen (13) affirmative defenses against Plaintiff's Complaint (the "Affirmative Defenses"). The Plaintiff, pursuant to Rule 12(f), appropriately moved for the entry of an order striking nine (9) of the Defendant's Affirmative Defenses (the "Motion to Strike Affirmative Defenses"). On August 3, 2015, Defendant attached to its Answer a Counterclaim asserting one (1) claim for relief against the Plaintiff for a violation of the ACPA, 15 U.S.C. §1125(d) (the "Counterclaim"). Plaintiff, pursuant to Rule 12(f), appropriately moved for the entry of an order striking pleadings contained in the Defendant's Counterclaim fourteen (14) paragraphs as each of the pleadings are immaterial and impertinent to the controversy at bar which were tailored with the design to cause prejudice against the Plaintiff (the "Motion to Strike Pleadings"). Each of the Plaintiff's Motion to Strike Affirmative Defenses and the Motion to Strike Pleadings are fully briefed, but this Honorable Court has not yet ruled.

As the Plaintiff is seeking, *inter alia*, statutory damages, financial information such as bank account statements, copies of checks, trading records are not material to the dispute before this Honorable Court. However, the Defendants sole purpose and defense is to burden the Plaintiff and various non-parties with subpoenas that are tantamount to a fishing expedition. The Plaintiff submits an affidavit in support of the arguments herein. See Noveshen Affidavit.

## II.     ARGUMENT

The Plaintiff has standing to bring the instant motion as the Plaintiff not only has a personal interest in the documents sought by the Defendant, but the Plaintiff objects to the documents being produced as privileged. Federal Rule of Civil

Procedure 45(c)(3) provides a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." F.R.C.P. 45(c)(3)(A)(iii) and (iv). "The district court also may consider whether the application contains unduly intrusive or burdensome requests, is made in bad faith, for the purpose of harassment, or is part of a fishing expedition." ***Intel Corp. v. Advanced Micro Devices, Inc.***, 542 U.S. 241, 264 (2004) at 265. A court can quash a subpoena when it is intended to harass the object of the subpoena. ***Bogosian v. Woloohojian Realty Corp.***, 323 F.3d 55, 66 (1st Cir. 2003) (upon consideration of motion to quash, court should consider whether "the subpoena was issued primarily for purposes of harassment"). In light of the fact that most of the information requested in the subpoena is irrelevant and it appears that the subpoena was issued solely to harass the Plaintiff's friends, family, and advisors.

The Defendant who issued the subpoenas cannot demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings. See ***United States v. American Optical Co.***, 39 F.R.D. 580, 583 (N.D. Cal. 1966) (a party seeking production must show "good cause,"—that is, that the requested documents are necessary to establish a claim or defense, or that denial of production would be prejudicial). In all controverted cases, it is up to the court to strike a balance among the degree of relevance of the requested material, the severity of the burden on the subpoenaed person or entity, and the utility of the protective mechanisms provided by the Federal Rules. 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed. 2013).

The Defendant's subpoenas are not reasonable, are burdensome, and are overly broad. Additionally, they do not seek documents designated with sufficient particularity to suggest the documents even exists. Therefore, this is a fishing

expedition looking for nothing in particular and everything in general. This is a blindfolded hunter firing his shotgun into the sky to see if perhaps something will be knocked down. It is a dragnet sweeping every fish in its path to see if a particular species turns up in the net. It is not a rifle aimed at a known target or a fishing rod cast to hook a particular species of fish believed to be where the bait is cast. See, e.g., ***Devereux Forida Treatment Network, Inc., v McIntosh***, 940 So.2d 1202, 1204 - 1205 (Fla. 5th DCA 2006).

## OBJECTIONS TO SUBPOENAS DUCES TECUM

### 1. Subpoena to:  Anchin, Block, & Anchin <u>Exhibit A</u>

The Defendant's subpoena does not allow a reasonable time for the non-party to comply which causes an undue burden. Beyond the subpoena's defects in service and form, this Honorable Court should quash the subpoena with respect to items 1-4 and 6 in their entirety because these requests are privileged and not relevant. *See* Fed. R. Civ. P. 26(b)(1) (privileged or irrelevant matter generally not discoverable). In considering a motion to quash, this Honorable Court first inquires as to whether the subpoena requests documents relevant to this case within the meaning of Fed. R. Civ. P. 26(b)(1). The Defendant can make no showing of relevance as to subpoenaing the Plaintiff's accountant. Florida recognizes an accountant-client privilege. See Fla. Stat. § 90.5055. As such, Florida law relating to applicable privileges governs this matter. *See **Matter of Int'l Horizons, Inc.**,* 689 F.2d 996, 1003 (11th Cir. 1982).

Specifically, the Defendant is seeking documentation that has no relevance on a trademark dispute:

    1. a. all e-mails, working papers, engagement letters, planning files, drafts of financial statements, audit summary files, reports, representation

letters, adjusting entries, schedules, desk files, permanent files, audit programs, internal communications regarding Bridgewater; and

    b. all documents relating to any contacts, communications or correspondence with Bridgewater.

    2. A list of persons working on Anchin Block's audit and quarterly reviews of Bridgewater, for the periods covered in paragraph 1 above, indentifying [sic] their name, title or position and the dates of their service.

    3. All documents relating to Bridgewater's internal controls and valuation methods for the periods covered in paragraph 1 above.

    4. All documents created from January 1, 2006, to the present, relating to reportable conditions, material weaknesses, management letters or internal control observations and recommendations by Anchin Block to Bridgewater.

    5. All documents reflecting communications related to Anchin Block's hiring by Bridgewater.

    6. All documents reflecting correspondence with Eric Noveshen, Peter Gennuso, Arthur Marcus, MQ Service Ltd., Dundee Leeds Management Services Ltd., The Bear Stearns Companies, Inc., Wakefield Quin and Gersten Savage LLP.

See Subpoena Anchin, Block, & Anchin <u>Exhibit A</u>

Item 1's request is categorically overly broad and burdensome with no limitation of time or scope. Item 2 requests "[a] list of persons" from ten (10) years ago who worked on the "audit and quarterly reviews of Bridgewater." Item 3 requests trade secrets with "Bridgewater's internal controls and valuation methods" and is wholly unacceptable for a trademark dispute. Item 4 seeks "relating to reportable conditions, material weaknesses, management letters or internal control observations and recommendations" of the Plaintiff's auditors whereby there could be no relevance for the Defendant's to obtain any such document for their defenses. Item 6 seeks privileged communications from an auditor and the Plaintiff's professional team which could have no relevance on this trademark

dispute. Further, this Honorable Court may quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." F.R.C.P. 45(c)(3)(B)(i). The valuation methods developed by the Plaintiff and approved by the auditor are proprietary in nature and constitute trade secrets, research development and commercial information under Florida law.

There is nothing in this information that is remotely relevant to the issues in this litigation. The Plaintiff fails to see the logic of how the information is relevant to the Defendant's defense of the Amended Complaint. The Plaintiff's auditor's internal reports concerning Plaintiff's activities is not relevant and overly broad causing undue burden of the Plaintiff and his advisors.

## 2. Subpoena to:  Domains By Proxy LLC See <u>Exhibit B</u>

The Defendant's subpoena does not allow a reasonable time for the non-party to comply which causes an undue burden. Beyond the subpoena's defects in service and form, this Honorable Court should quash the subpoena with respect to items 1-5 in their entirety because these requests are privileged and not relevant. *See* Fed. R. Civ. P. 26(b)(1) (privileged or irrelevant matter generally not discoverable). In considering a motion to quash, this Honorable Court first inquires as to whether the subpoena requests documents relevant to this case within the meaning of Fed. R. Civ. P. 26(b)(1). The Defendant has no equitable right in the domain "bridgecapital.co" which does not incorporate the trademark in question "bridgewater." The Defendant can make no showing of relevance as to subpoenaing the third party Domains By Proxy LLC. See <u>Exhibit B</u>

Specifically, the Defendant is seeking documentation that has no relevance on a trademark dispute:

1. Customer Agreements, signature cards and all other documents regarding signatories on the account.

2. Documents sufficient to identify every domain registered by Eric Noveshen and/or any nominee.

3. Documents sufficient to identify the owner of each Domain.

4. All correspondence, emails and documents relating to the Customer Number and any other account held by Eric Noveshen and for each Domain.

5. Documents to reflect the payment of any fees to the Customer Number or any other account held by Eric Noveshen.

6. Documents to reflect the payment of any fees earned by the Domains.

See Subpoena Domains By Proxy LLC Exhibit B

Items 1-6 requests are categorically overly broad and burdensome with no limitation of time or scope. Item 1 has no relevance and could never lead to admissible evidence in a trademark dispute. Item 2 requests "every domain registered by Eric Noveshen" with no limitations of time and scope. The only domains relevant to this dispute would be those containing the term "bridgewater." Item 3 requests the "identity" which has no relevance on a trademark dispute. The Plaintiff has already answered in the Defendant's First Set of Interrogatories that the Plaintiff has never sold or transferred any domain. Item 4 seeks "[a]ll correspondence, emails and documents" whereby there could be no relevance for the Defendant's to obtain any such document for their defenses. Item 5 seeks financial information and payment records of the Plaintiff and has no relevance to the Defendant's defenses when the only damages are statutory in nature.

### 3. Subpoena to:  First American Capital & Trading Corporation See Exhibit C

The Defendant's subpoena does not allow a reasonable time for the non-party to comply which causes an undue burden. Beyond the subpoena's defects in

service and form, this Honorable Court should quash the subpoena with respect to items 1-5 in their entirety because these requests are privileged and not relevant. *See* Fed. R. Civ. P. 26(b)(1) (privileged or irrelevant matter generally not discoverable). In considering a motion to quash, this Honorable Court first inquires as to whether the subpoena requests documents relevant to this case within the meaning of Fed. R. Civ. P. 26(b)(1). The Defendant can make no showing of relevance as to subpoenaing the third party First American Capital & Trading Corporation. See Exhibit C

Specifically, the Defendant is seeking documentation that has no relevance on a trademark dispute:

1. All new account forms, margin agreements and options agreements and any other account opening related documents for Account Number XXXX 11RR FCO in the name of Bridgewater Advisors, LLC and/or any other account maintained at First American Capital by or on behalf of Bridgewater, as defined above.

2. All monthly account statements for all accounts maintained on behalf of Bridgewater, as described above.

3. All correspondence and other written communication by and between Bridgewater and First American Capital.

4. All notes and other documents reflecting any verbal communications between Bridgewater and any representative of First American Capital.

5. All documents, written and electronic, reflecting any internal review of Bridgewater's account(s). This request includes, but is not limited to, compliance investigations, operational reviews, or corrections to Bridgewater's account(s), and any other similar activity involving Bridgewater's account(s).

See Subpoena First American Capital & Trading Corporation Exhibit C

First, items 1-5 requests are categorically overly broad and burdensome with no limitation of time or scope. FINRA registered broker-dealers are only required

to keep documents for a maximum of six (6) years and the Defendant's request ten (10) years of documents.  In addition, some of the documents are only kept for two (2) years. Per FINRA:

> Record Retention: Six years after the closing of the account or the date on which the information was replaced or updated, whichever is earlier. Source: Rules 17a-3(a)(17), 17a-3(a)(18). Office Records, such as certain books and records that reflect the activities of the office are only required to be retained for the most recent two year period. See Rules 17a-3(g), 17a-3(h), 17a-4(k).

Specifically, item 1 has no relevance and could never lead to admissible evidence in a trademark dispute. Item 2 requests "[a]ll monthly account statements" which are financial in nature with no limitations of time and scope. Item 3 requests the "[a]ll correspondence" which is financial and/or trade secret in nature and has no relevance on a trademark dispute. Item 4 seeks "[a]ll notes and other documents" whereby there could be no relevance for the Defendant's to obtain any such document for their defenses. Item 5 seeks "compliance investigations, operational reviews, or corrections to Bridgewater's account(s)" and has no relevance to the Defendant's defenses when the only damages are statutory in nature. Internal notes or reports relating to financial or trading records could have not relevance to a trademark dispute. Further, the proprietary trading by the Plaintiff which he has a financial interest in are trade secrets and the financial documents which the Plaintiff has a financial interest in are considered commercial information. As such, this Honorable Court may quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." F.R.C.P. 45(c)(3)(B)(i).

### 4. Subpoena to:  FSC Securities Corporation <u>Exhibit D</u>

The Defendant's subpoena does not allow a reasonable time for the non-party to comply which causes an undue burden. Beyond the subpoena's defects in service and form, this Honorable Court should quash the subpoena with respect to items 1-5 in their entirety because these requests are privileged and not relevant. *See* Fed. R. Civ. P. 26(b)(1) (privileged or irrelevant matter generally not discoverable). In considering a motion to quash, this Honorable Court first inquires as to whether the subpoena requests documents relevant to this case within the meaning of Fed. R. Civ. P. 26(b)(1). The Defendant can make no showing of relevance as to subpoenaing the third party FSC Securities Corporation. See Exhibit D

Specifically, the Defendant is seeking documentation that has no relevance on a trademark dispute:

1. All new account forms, margin agreements and options agreements and any other account opening related documents for account number XXXX4625 in the name of Bridgewater Advisors LLC and/or any other accounts maintained at FSC Securities by or on behalf of Bridgewater, as defined above.

2. All monthly account statements for all accounts maintained on behalf of Bridgewater, as described above.

3. All correspondence and other written communication by and between Bridgewater and FSC Securities. A response to this request should include all communications between John Osorio and Bridgewater.

4. All notes and other documents reflecting any verbal communications between Bridgewater and any representative of FSC Securities.

5. All documents, written and electronic, reflecting any internal review of Bridgewater's account(s). This request includes, but is not limited to, compliance investigations, operational reviews, or corrections to Bridgewater's account(s), and any other similar activity involving Bridgewater's account(s).

See Subpoena FSC Securities Corporation See Exhibit D

Page **10** of 26

First, items 1-5 requests are categorically overly broad and burdensome with no limitation of time or scope. FINRA registered broker-dealers are only required to keep documents for a maximum of six (6) years and the Defendant's request ten (10) years of documents.  In addition, some of the documents are only kept for two (2) years. Per FINRA:

> Record Retention: Six years after the closing of the account or the date on which the information was replaced or updated, whichever is earlier. Source: Rules 17a-3(a)(17), 17a-3(a)(18). Office Records, such as certain books and records that reflect the activities of the office are only required to be retained for the most recent two year period. Se Rules 17a-3(g), 17a-3(h), 17a-4(k).

Specifically, item 1 has no relevance and could never lead to admissible evidence in a trademark dispute. Item 2 requests "[a]ll monthly account statements" which are financial in nature with no limitations of time and scope. Item 3 requests the "[a]ll correspondence" which is financial and/or trade secret in nature and has no relevance on a trademark dispute. Item 4 seeks "[a]ll notes and other documents" whereby there could be no relevance for the Defendant's to obtain any such document for their defenses. Item 5 seeks "compliance investigations, operational reviews, or corrections to Bridgewater's account(s)" and has no relevance to the Defendant's defenses when the only damages are statutory in nature. Internal notes or reports relating to financial or trading records could have not relevance to a trademark dispute. Further, the proprietary trading by the Plaintiff which he has a financial interest in are trade secrets and the financial documents which the Plaintiff has a financial interest in are considered commercial information. As such, this Honorable Court may quash a subpoena if it requires

"disclosing a trade secret or other confidential research, development, or commercial information." F.R.C.P. 45(c)(3)(B)(i).

### 5. Subpoena to:  Gersten Savage LLP See <u>Exhibit E</u>

The Defendant's subpoena does not allow a reasonable time for the non-party to comply which causes an undue burden. Beyond the subpoena's defects in service and form, this Honorable Court should quash the subpoena with respect to items 1(a)-(d) in their entirety because these requests are privileged and not relevant. *See* Fed. R. Civ. P. 26(b)(1) (privileged or irrelevant matter generally not discoverable). In considering a motion to quash, this Honorable Court first inquires as to whether the subpoena requests documents relevant to this case within the meaning of Fed. R. Civ. P. 26(b)(1). The Defendant can make no showing of relevance as to subpoenaing the Plaintiff's New York attorneys.

Specifically, the Defendant is seeking documentation that has no relevance on a trademark dispute:

> 1. All documents concerning Bridgewater including, but not limited to:
>
> a. all retainer agreements;
> b. correspondence sent to third parties on behalf of Bridgewater;
> c. all monthly invoices sent to Bridgewater; and
> d. correspondence reflecting the termination of services provided to Bridgewater.
>
> See Subpoena Gersten Savage LLP <u>Exhibit E</u>

Items 1(a)-(d) requests privileged and confidential information that was identified on a privilege log. The Plaintiff objects to any communications from the Plaintiff's attorneys from being discoverable on the basis of attorney-client privilege.

### 6. Subpoena to:  GoDaddy, Legal Compliance See <u>Exhibit F</u>

The Defendant's subpoena does not allow a reasonable time for the non-party to comply which causes an undue burden. Beyond the subpoena's defects in service and form, this Honorable Court should quash the subpoena with respect to items 1-4 in their entirety because these requests are privileged and not relevant. *See* Fed. R. Civ. P. 26(b)(1) (privileged or irrelevant matter generally not discoverable). In considering a motion to quash, this Honorable Court first inquires as to whether the subpoena requests documents relevant to this case within the meaning of Fed. R. Civ. P. 26(b)(1). The Defendant can make no showing of relevance as to subpoenaing the third party GoDaddy. See <u>Exhibit F</u>

Specifically, the Defendant is seeking documentation that has no relevance on a trademark dispute:

      1. For the Applicable Time Period, for each Customer Number and any other account held by Eric Noveshen or Bridgewater, any and all Customer Agreements, signature cards and all other documents referring signatories on the account.

      2. Documents sufficient to identify every domain registered by Eric Noveshen and/or Bridgewater.

      3. All correspondence, emails and documents relating to the Customer Number and/or any other account held by Eric Noveshen and/or Bridgewater.

      4. Documents to reflect the payment of any fees to Noveshen or Bridgewater relating to the Customer Number or any other account held by Eric Noveshen and/or Bridgewater.

See Subpoena GoDaddy, Legal Compliance <u>Exhibit F</u>

Item 1 has no relevance and could never lead to admissible evidence in a trademark dispute. Item 2 requests "every domain registered by Eric Noveshen" with no limitations of time and scope. The only domains relevant to this dispute

would be those containing the term "bridgewater." Item 3 seeks "[a]ll correspondence, emails and documents" whereby there could be no relevance for the Defendant's to obtain any such document for their defenses. Item 4 seeks financial information of the Plaintiff and has no relevance to the Defendant's defenses when the only damages are statutory in nature.

### 7. Subpoena to:  HSBC See <u>Exhibit G</u>

The Defendant's subpoena does not allow a reasonable time for the non-party to comply which causes an undue burden. Beyond the subpoena's defects in service and form, this Honorable Court should quash the subpoena with respect to items 1-2 in their entirety because these requests are privileged and not relevant. *See* Fed. R. Civ. P. 26(b)(1) (privileged or irrelevant matter generally not discoverable). In considering a motion to quash, this Honorable Court first inquires as to whether the subpoena requests documents relevant to this case within the meaning of Fed. R. Civ. P. 26(b)(1). The Defendant can make no showing of relevance as to subpoenaing the Plaintiff's bank account. See <u>Exhibit G</u>

Specifically, the Defendant is seeking documentation that has no relevance on a trademark dispute:

       1. All account opening documents and signature cards relating to any accounts in the name of Bridgewater as defined above.

       2. All HSBC account statements for any accounts in the name of Bridgewater as defined above, including the following detail: checks (front and back), deposits, withdrawals, wires, ACH's and transfers.

See Subpoena HSBC <u>Exhibit G</u>
Items 1-2 have no relevance and could never lead to admissible evidence in a trademark dispute. The Defendant seeks financial information of the Plaintiff and has no relevance to the Defendant's defenses when the only damages are statutory

in nature. Further, the financial documents which the Plaintiff has a financial interest in are considered commercial information. As such, this Honorable Court may quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." F.R.C.P. 45(c)(3)(B)(i).

### 8. Subpoena to: Island Stock Transfer See <u>Exhibit H</u>

The Defendant's subpoena does not allow a reasonable time for the non-party to comply which causes an undue burden. Beyond the subpoena's defects in service and form, this Honorable Court should quash the subpoena with respect to items 1-4 in their entirety because these requests are privileged and not relevant. *See* Fed. R. Civ. P. 26(b)(1) (privileged or irrelevant matter generally not discoverable). In considering a motion to quash, this Honorable Court first inquires as to whether the subpoena requests documents relevant to this case within the meaning of Fed. R. Civ. P. 26(b)(1). The Defendant can make no showing of relevance as to subpoenaing the third party transfer agent, Island Stock Transfer. See <u>Exhibit H</u>

Specifically, the Defendant is seeking documentation that has no relevance on a trademark dispute:

1. Any and all documents concerning Account Number 211 in the name of Bridgewater as defined above, including but not limited to agreements, account transaction history and communications.

2. Any Stock Transfer Agency Agreements between Bridgewater as defined above and Island Stock Transfer.

3. Bridgewater's account transaction history as maintained by Island Stock Transfer.

4. Any and all communications with Bridgewater.

See Subpoena Island Stock Transfer <u>Exhibit H</u>

Specifically, item 1 has no relevance and could never lead to admissible evidence in a trademark dispute. Item 2 requests "[a]ny Stock Transfer Agency Agreements" with no limitations of scope. Item 3 requests the "Bridgewater's account transaction history" seeks financial information of the Plaintiff and has no relevance to the Defendant's defenses when the only damages are statutory in nature. Item 4 seeks "[a]ny and all communications with Bridgewater" whereby there could be no relevance for the Defendant's to obtain any such document for their defenses. Further, any transfer of stock of which the Plaintiff has a financial interest in are considered commercial information. As such, this Honorable Court may quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." F.R.C.P. 45(c)(3)(B)(i).

### 9. Subpoena to:  JP Morgan Chase Bank, NA See <u>Exhibit I</u>

The Defendant's subpoena does not allow a reasonable time for the non-party to comply which causes an undue burden. Beyond the subpoena's defects in service and form, this Honorable Court should quash the subpoena with respect to items 1-5 in their entirety because these requests are privileged and not relevant. *See* Fed. R. Civ. P. 26(b)(1) (privileged or irrelevant matter generally not discoverable). In considering a motion to quash, this Honorable Court first inquires as to whether the subpoena requests documents relevant to this case within the meaning of Fed. R. Civ. P. 26(b)(1). The Defendant can make no showing of relevance as to subpoenaing the Plaintiff's bank accounts. See <u>Exhibit I</u>

Specifically, the Defendant is seeking documentation that has no relevance on a trademark dispute:

1. All account opening documents and signature cards relating JP Morgan Chase Bank, N.A. account number XXXXX8041.

2. All account opening documents and signature cards for any and all accounts in the name of Bridgewater as defined above.

3. All JP Morgan Chase Bank, N.A. account statements for account number XXXX8041 including the following detail: checks (front and back), deposits, withdrawals, wires, ACH's and transfers.

4. All JP Morgan Chase Bank, N.A. account statements for any and all accounts in the name of Bridgewater as defined above, including the following detail: checks (front and back), deposits, withdrawals, wires, ACH's and transfers.

See Subpoena JP Morgan Chase Bank, NA Exhibit I

Specifically, items 1 and 2 have no relevance and could never lead to admissible evidence in a trademark dispute. Item 3 and 4 requests "[a]ll … account statements" which are financial in nature with no limitations of scope. Further, requesting "details [such as] checks (front and back), deposits, withdrawals, wires, ACH's and transfers" is burdensome and excessive for a trademark dispute. The Defendant seeks financial information of the Plaintiff and has no relevance to the Defendant's defenses when the only damages are statutory in nature. Further, the financial documents which the Plaintiff has a financial interest in are considered commercial information. As such, this Honorable Court may quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." F.R.C.P. 45(c)(3)(B)(i).

**10. Subpoena to:  JP Morgan Securities See Exhibit J**

The Defendant's subpoena does not allow a reasonable time for the non-party to comply which causes an undue burden. Beyond the subpoena's defects in service and form, this Honorable Court should quash the subpoena with respect to items 1-5 in their entirety because these requests are privileged and not relevant. *See* Fed. R. Civ. P. 26(b)(1) (privileged or irrelevant matter generally not

discoverable). In considering a motion to quash, this Honorable Court first inquires as to whether the subpoena requests documents relevant to this case within the meaning of Fed. R. Civ. P. 26(b)(1). The Defendant can make no showing of relevance as to subpoenaing the third party JP Morgan Securities. See <u>Exhibit J</u>

Specifically, the Defendant is seeking documentation that has no relevance on a trademark dispute:

1. All new account forms, margin agreements and options agreements and any other account opening related documents for any account maintained at Bear Stearns by or on behalf of Bridgewater, as defined above.

2. All monthly account statements for all accounts maintained on behalf of Bridgewater, as described above.

3. All correspondence and other written communication by and between Bridgewater and Bear Stearns.

4. All notes and other documents reflecting any verbal communications between Bridgewater and any representative of Bear Stearns.

5. All documents, written and electronic, reflecting any internal review of Bridgewater's account(s). This request includes, but is not limited to, compliance investigations, operational reviews, or corrections to Bridgewater's account(s), and any other similar activity involving Bridgewater's account(s).

See Subpoena JP Morgan Securities <u>Exhibit J</u>

First, items 1-5 requests are categorically overly broad and burdensome with no limitation of time or scope. FINRA registered broker-dealers are only required to keep documents for a maximum of six (6) years and the Defendant's request ten (10) years of documents.  In addition, some of the documents are only kept for two (2) years. Per FINRA:

Record Retention: Six years after the closing of the account or the date on which the information was replaced or updated, whichever is earlier. Source: Rules 17a-3(a)(17), 17a-3(a)(18). Office Records, such as certain

books and records that reflect the activities of the office are only required to be retained for the most recent two year period. See Rules 17a-3(g), 17a-3(h), 17a-4(k).

Specifically, item 1 has no relevance and could never lead to admissible evidence in a trademark dispute. Item 2 requests "[a]ll monthly account statements" which are financial in nature with no limitations of scope. Item 3 requests the "[a]ll correspondence" which is financial and/or trade secret in nature and has no relevance on a trademark dispute. Item 4 seeks "[a]ll notes and other documents" whereby there could be no relevance for the Defendant's to obtain any such document for their defenses. Item 5 seeks "compliance investigations, operational reviews, or corrections to Bridgewater's account(s)" and has no relevance to the Defendant's defenses when the only damages are statutory in nature. Internal notes or reports relating to financial or trading records could have not relevance to a trademark dispute. Further, the proprietary trading by the Plaintiff which he has a financial interest in are trade secrets and the financial documents which the Plaintiff has a financial interest in are considered commercial information. As such, this Honorable Court may quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." F.R.C.P. 45(c)(3)(B)(i).

### 11. Subpoena to:  PNC Bank See <u>Exhibit K</u>

The Defendant's subpoena does not allow a reasonable time for the non-party to comply which causes an undue burden. Beyond the subpoena's defects in service and form, this Honorable Court should quash the subpoena with respect to items 1-2 in their entirety because these requests are privileged and not relevant. *See* Fed. R. Civ. P. 26(b)(1) (privileged or irrelevant matter generally not

discoverable). In considering a motion to quash, this Honorable Court first inquires as to whether the subpoena requests documents relevant to this case within the meaning of Fed. R. Civ. P. 26(b)(1). The Defendant can make no showing of relevance as to subpoenaing the Plaintiff's bank account. See Exhibit K

Specifically, the Defendant is seeking documentation that has no relevance on a trademark dispute:

> 1. All account opening documents and signature cards relating to any accounts in the name of Bridgewater as defined above.
> 2. All HSBC account statements for any accounts in the name of Bridgewater as defined above, including the following detail: checks (front and back), deposits, withdrawals, wires, ACH's and transfers.

See Subpoena PNC Bank Exhibit K

Items 1-2 have no relevance and could never lead to admissible evidence in a trademark dispute. The Defendant seeks financial information of the Plaintiff and has no relevance to the Defendant's defenses when the only damages are statutory in nature. Further, the financial documents which the Plaintiff has a financial interest in are considered commercial information. As such, this Honorable Court may quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." F.R.C.P. 45(c)(3)(B)(i).

## 12. Subpoena to: Stern Agee & Leach See Exhibit L

The Defendant's subpoena does not allow a reasonable time for the non-party to comply which causes an undue burden. Beyond the subpoena's defects in service and form, this Honorable Court should quash the subpoena with respect to items 1-5 in their entirety because these requests are privileged and not relevant. *See* Fed. R. Civ. P. 26(b)(1) (privileged or irrelevant matter generally not discoverable). In considering a motion to quash, this Honorable Court first inquires

as to whether the subpoena requests documents relevant to this case within the meaning of Fed. R. Civ. P. 26(b)(1). The Defendant can make no showing of relevance as to subpoenaing the third party Stern Agee & Leach See. Exhibit L

Specifically, the Defendant is seeking documentation that has no relevance on a trademark dispute:

>1. All new account forms, margin agreements and options agreements and any other account opening related documents for any account maintained at Bear Stearns by or on behalf of Bridgewater, as defined above.
>2. All monthly account statements for all accounts maintained on behalf of Bridgewater, as described above.
>3. All correspondence and other written communication by and between Bridgewater and Bear Stearns.
>4. All notes and other documents reflecting any verbal communications between Bridgewater and any representative of Bear Stearns.
>5. All documents, written and electronic, reflecting any internal review of Bridgewater's account(s). This request includes, but is not limited to, compliance investigations, operational reviews, or corrections to Bridgewater's account(s), and any other similar activity involving Bridgewater's account(s).

See Subpoena Stern Agee & Leach Exhibit L

First, items 1-5 requests are categorically overly broad and burdensome with no limitation of time or scope. FINRA registered broker-dealers are only required to keep documents for a maximum of six (6) years and the Defendant's request ten (10) years of documents.  In addition, some of the documents are only kept for two (2) years. Per FINRA:

>Record Retention: Six years after the closing of the account or the date on which the information was replaced or updated, whichever is earlier. Source: Rules 17a-3(a)(17), 17a-3(a)(18). Office Records, such as certain books and records that reflect the activities of the office are only required to

be retained for the most recent two year period. See Rules 17a-3(g), 17a-3(h), 17a-4(k).

Specifically, item 1 has no relevance and could never lead to admissible evidence in a trademark dispute. Item 2 requests "[a]ll monthly account statements" which are financial in nature with no limitations of scope. Item 3 requests the "[a]ll correspondence" which is financial and/or trade secret in nature and has no relevance on a trademark dispute. Item 4 seeks "[a]ll notes and other documents" whereby there could be no relevance for the Defendant's to obtain any such document for their defenses. Item 5 seeks "compliance investigations, operational reviews, or corrections to Bridgewater's account(s)" and has no relevance to the Defendant's defenses when the only damages are statutory in nature. Internal notes or reports relating to financial or trading records could have not relevance to a trademark dispute. Further, the proprietary trading by the Plaintiff which he has a financial interest in are trade secrets and the financial documents which the Plaintiff has a financial interest in are considered commercial information. As such, this Honorable Court may quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." F.R.C.P. 45(c)(3)(B)(i).

### 13. Subpoena to:  Stonegate Bank See <u>Exhibit M</u>

The Defendant's subpoena does not allow a reasonable time for the non-party to comply which causes an undue burden. The Defendant's subpoena does not allow a reasonable time for the non-party to comply which causes an undue burden. Beyond the subpoena's defects in service and form, this Honorable Court should quash the subpoena with respect to items 1-7 in their entirety because these requests are privileged and not relevant. *See* Fed. R. Civ. P. 26(b)(1) (privileged or

irrelevant matter generally not discoverable). In considering a motion to quash, this Honorable Court first inquires as to whether the subpoena requests documents relevant to this case within the meaning of Fed. R. Civ. P. 26(b)(1). The Defendant can make no showing of relevance as to subpoenaing the bank accounts of a non-party and the Plaintiff's Business. See Exhibit M

Furthermore, the non-party Cheryl Wilson is the Plaintiff's mother. The Defendant's counsel stated that they have "credible information" as to the *only* reason why the Defendant would subpoena the Plaintiff's mother. The Defendant has not offered any testimony or admissible evidence to the contrary which is clearly tantamount to the Defendant's *fishing expedition* and to unduly burden every person the Plaintiff knows. This subpoena is clearly issued for an improper purpose. The non-party Cheryl Wilson filed her *Motion to Quash* and is fully incorporated herein.  See Exhibit N.

Specifically, the Defendant is seeking documentation that has no relevance on a trademark dispute:

1. All account opening documents and signature cards relating to any accounts in the name of Cheryl Wilson, who is believed to have opened an account at the Hallandale Beach, Florida, location of Stonegate Bank.

2. All account opening documents and signature cards relating to any safe deposit boxes in the name of Cheryl Wilson, who is believed to have opened an account at the Hallandale Beach, Florida, location of Stonegate Bank.

3. All account opening documents and signature cards relating to any accounts in the name of Bridgewater as defined above.

4. All Stonegate account statements for any accounts in the name of Cheryl Wilson, including the following detail: checks (front and back), deposits, withdrawals, wires, ACH's and transfers.

5. All Stonegate account statements for any accounts in the name of Bridgewater as defined above, including the following detail: checks (front and back), deposits, withdrawals, wires, ACH's and transfers.

6. All wire transfer memoranda regarding money transferred into or out of any account in the name of Cheryl Wilson.

7. All wire transfer memoranda regarding money transferred into or out of any account in the name of Bridgewater as defined above.

See Subpoena Stonegate Bank Exhibit M

Specifically, items 1, 2, 4 and 6 have no relevance and could never lead to admissible evidence in a trademark dispute. The non-party Cheryl Wilson's "account opening documents and signature cards" as well as her "safe deposit boxes" could have no other purpose than to harass and burden the non-party Cheryl Wilson. Asking the rhetorical question: What does a safe deposit box have anything to do with an internet domain? Or a trademark? Item 4 and 6 requests "[a]ll … account statements" and "money transferred" which are financial in nature with no limitations of scope. Further, requesting "details [such as] checks (front and back), deposits, withdrawals, wires, ACH's and transfers" and "[a]ll transfer memoranda" is burdensome and excessive for a non-party in a trademark dispute. The only information that the non-party Cheryl Wilson is financially involved with the Plaintiff is the unsubstantiated statements made on the aforementioned defamatory website whereby the Defendant's agents have participated in disparaging the Plaintiff. The Defendant's subpoena on the non-party Cheryl Wilson is clearly for an improper purpose. Lastly, the Defendant did not serve the non-party with the subpoena, she found out from the Plaintiff. The subpoena must be quashed on this basis as well. *Fla. Media, Inc. v. World Publ'ns, LLC*, 236 F.R.D. 693, 695 (M.D. Fla. 2006) (granting party's motion to quash non-party subpoenas based upon other party's failure to provide notice).

Specifically, items 3, 5 and 7 have no relevance and could never lead to admissible evidence in a trademark dispute. Item 3, 5 and 7 requests "[a]ll … account statements" which are financial in nature with no limitations of scope.

Further, requesting "details [such as] checks (front and back), deposits, withdrawals, wires, ACH's and transfers" as well as "[a]ll transfer memoranda" is burdensome and excessive for a trademark dispute. The Defendant seeks financial information of the Plaintiff and has no relevance to the Defendant's defenses when the only damages are statutory in nature. Further, the financial documents which the Plaintiff has a financial interest in are considered commercial information. As such, this Honorable Court may quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." F.R.C.P. 45(c)(3)(B)(i).

**III.     CONCLUSION**

Therefore, based on the foregoing, the Plaintiff respectfully requests that this Honorable Court should quash in their entirety or modify the Defendant's subpoenas consistent with this Motion to Quash.

**CERTIFICATION OF PRE-FILING CONFERENCE**

Pursuant to Local Rule 7.1(A)(3), undersigned as the movant certifies that, prior to filing the instant motion, the undersigned conferred verbally and in writing repeatedly with Defendant's counsel in a good faith effort to resolve by agreement the issues raised in the instant motion but was unable to do so.

Dated: January 29, 2016          Respectfully submitted,

Eric Noveshen, *Pro Se*

BY: ERIC NOVESHEN
436 NE 10th Ave
Fort Lauderdale, FL 33301
Telephone:  (954) 779-2727
Facsimile:  (954) 337-7669
eric@bridgewaterfund.com

Page **25** of 26

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this ___29th___ day of January, 2016, I manually caused the filing of the foregoing document with the Clerk of Court pursuant to the applicable Administrative Procedures. I certify that a true and correct copy of the foregoing is being served this day by e-mail to Defendant's counsel to accept service on the Defendant's behalf. I certify that a true and correct copy of the foregoing is being served this day via transmissions of Notices of Electronic Filing generated by CM/ECF.

_____

BY: ERIC NOVESHEN

Erik Haas, Esq.
Anthony DeCinque, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-7615
Fax: (212) 336-1266
E-mail: ehaas@pbwt.com
E-mail: adcinque@pbwt.com
Attorneys for Defendant,
Bridgewater Associates, LP


Walter J Mathews, Esq.
D. Patricia Wallace, Esq.
Mathews Wallace LLP
200 S. Andrews Avenue, Suite 601
Fort Lauderdale, FL 33301
Telephone: (954) 463-1929
Fax: (954) 653-2963
E-mail: pwallace@wjmlawfirm.com
E-mail: wjmathews@wjmlawfirm.com
Attorneys for Defendant,
Bridgewater Associates, LP

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO. 13-cv-61535-MARRA
Honorable Judge Kenneth A. Marra

| | |
|---|---|
| **ERIC NOVESHEN**<br>    **Plaintiff,** | : <br> : <br> : |
| **vs.** | : <br> : |
| **BRIDGEWATER ASSOCIATES, LP,**<br>    **Defendant(s).** | : <br> : <br> : |

---

### ERIC L. NOVESHEN'S AFFIDAVIT

**STATE OF FLORIDA** )
                          ) ss:
**COUNTY OF BROWARD** )

**BEFORE ME,** personally appeared, the Defendant, ERIC NOVESHEN after being first duly sworn, deposes and states as follows:

    1.     My name is **ERIC L. NOVESHEN**, I am over eighteen years of age and have personal knowledge of all facts and circumstances set forth herein.

    2.     I am currently representing myself *pro se* in the above styled case and if called upon as a witness, I could and would competently testify to the following facts of which I have personal knowledge:

        i.     In January 2006, I embarked to structure an offshore mutual fund that was later named Bridgewater Capital Ltd. ("Bridgewater").

        ii.     I filed a Complaint against Bridgewater Associates LP. (the "Defendant") on July 16, 2013 which was amended on March 2, 2015 (the "Amended Complaint").

iii.   In summary, the Amended Complaint is seeking the following relief:

    1. seeking declaratory relief of non-infringement of trademarks owned by the Defendant;

    2. the return of certain domain names that were transferred to the Defendant; and

    3. the only monetary claim, if any, against the Defendant would be statutory in nature.

iv.   I have reviewed the subpoenas issued by the Defendant which seeks documents relating to Bridgewater and other Bridgewater related businesses from third-parties.

v.   I have personally invested in Bridgewater and the other Bridgewater related businesses.

vi.   The subpoenas issued by the Defendant request documents that are financial in nature from banking institutions and brokerage firms of which I have a personal interest in.

vii.   The financial information consists of, but is not limited to:

    1. pricing information;

    2. valuation information;

    3. statements;

    4. confidential signature cards;

    5. checking information;

    6. payments made to unidentified third parties; and

    7. transfers of money.

viii.   The subpoenas issued by the Defendant request documents from my attorneys located in New York.

ix.   I have retained and discussed with my attorneys all aspects of Bridgewater and the Bridgewater related businesses.

x.   I have discussed in confidence with my attorneys confidential and proprietary information that is used to obtain business advantages over my competitors who do not know or use the information.

xi.   The subpoenas issued by the Defendant request documents from my auditor located in New York.

Page **2** of **3**

xii.    I have discussed with my auditors confidential and proprietary information that is used to obtain business advantages over my competitors who do not know or use the information which I consider trade secrets.

xiii.    The trade secrets consists of, but is not limited to:

        1. pricing information;

        2. valuation information; and

        3. confidential negotiations.

xiv.    The Defendant seeks information that is purely financial and violates attorney-client or accountant-client privilege.

xv.    I have read the Motion to Quash and object to each subpoena issued by the Defendant.

**FURTHER AFFIANT SAITH NOT**

**UNDER PENALTY OF PERJURY,** the Defendant, **ERIC NOVESHEN** states that he has read the foregoing and the facts contained therein are true and correct.

DATED this ___ day of January, 2016.

_____
ERIC NOVESHEN

**BEFORE ME**, the undersigned duly authorized authority, personally appeared **ERIC NOVESHEN**, who after first being duly sworn under oath and having exhibited his driver's license for identification or who is personally known to me, deposes and says he has read the forgoing and that he knows the contents thereof and has personal knowledge that the facts recited therein are true.

DATED this ___ day of January, 2016.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
(Printed Name of Notary Public)

KEVIN CAREY
Notary Public - State of Florida
My Comm. Expires May 27, 2017
Commission # FF 021615
Bonded Through National Notary Assn.

My Commission Expires:

*2016-01-28 Affidavit of Eric Noveshen*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| Eric Noveshen | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.   13-61535-MARRA |
| Bridgewater Associates, LP, | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                           Anchin Block & Anchin LLP
                   1375 Broadway, 18th Floor, New York, NY 10018
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment "A".

| Place: Lynch Rowin LLP<br>30 Vesey Street<br>New York, NY 10007 | Date and Time:<br><br>01/29/2016 11:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/13/2016

            *CLERK OF COURT*
                                          OR
                                                    s/ Walter J. Mathews
    _____            _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Bridgewater Associates, LP _____ , who issues or requests this subpoena, are:

Mathews Wallace LLP, 200 S. Andrews Ave., Suite 601, Fort Lauderdale, Florida 33301 (954) 463-1929

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**

**A**

Attachment A
Anchin Block & Anchin LLP

## I.    DEFINITIONS

A.    "**Document**" means electronically stored information, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

B.    "**Referring to**" or "**relating to**" means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

C.    "**Bridgewater**" means Bridgewater Capital Ltd., Bridgewater Advisors, LLC, Bridgewater Capital LLC and/or any of their employees, agents, independent contractors, parents, subsidiaries, and/or affiliates including, but not limited to Eric Noveshen, Peter Gennuso and Arthur Marcus.

D.    "**Anchin Block**" means Anchin Block & Anchin LLP, its employees, affiliates, subsidiaries, agents or representative acting on its behalf.

## II.    INSTRUCTIONS

A.    **Applicable Time Period:**  The applicable time period shall be from January 1, 2006 through the date of your response to this Subpoena.

## III.    REQUESTED DOCUMENTS

1.    All documents that relating to the examination, audit or review of Bridgewater for the years ended December 31, 2006 (or any other year end) and any subsequent year end to present, for all quarterly periods within that period, and for all quarterly periods from January 1, 2006, to present, including but not limited to:

a.    all e-mails, working papers, engagement letters, planning files, drafts of financial statements, audit summary files, reports, representation letters, adjusting entries, schedules, desk files, permanent files, audit programs, internal communications regarding Bridgewater; and

b.    all documents relating to any contacts, communications or correspondence with Bridgewater.

2.      A list of persons working on Anchin Block's audit and quarterly reviews of Bridgewater, for the periods covered in paragraph 1 above, indentifying their name, title or position and the dates of their service.

3.      All documents relating to Bridgewater's internal controls and valuation methods for the periods covered in paragraph 1 above.

4.      All documents created from January 1, 2006, to the present, relating to reportable conditions, material weaknesses, management letters or internal control observations and recommendations by Anchin Block to Bridgewater.

5.      All documents reflecting communications related to Anchin Block's hiring by Bridgewater.

6.      All documents reflecting correspondence with Eric Noveshen, Peter Gennuso, Arthur Marcus, MQ Service Ltd., Dundee Leeds Management Services Ltd., The Bear Stearns Companies, Inc., Wakefield Quin and Gersten Savage LLP.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| Eric Noveshen | ) |
| _Plaintiff_ | ) |
| v. | )  Civil Action No.  13-61535-MARRA |
| Bridgewater Associates, LP, | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Domains By Proxy LLC (compliance@domainsbyproxy.com)
14747 N. Northsight Blvd., Suite 111, PMB 309, Scottsdale, AZ 85260

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment "A".

| Place: Driver and Nix | Date and Time: |
|---|---|
| 2390 E. Camelback Rd., Suite 175 | |
| Phoenix, AZ  85016-7069 | 01/29/2016 2:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/13/2016

_CLERK OF COURT_
                                                              OR
_____                  _s/ Walter J. Mathews_
_Signature of Clerk or Deputy Clerk_                _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Bridgewater Associates, LP _____, who issues or requests this subpoena, are:

Mathews Wallace LLP, 200 S. Andrews Ave., Suite 601, Fort Lauderdale, Florida 33301 (954) 463-1929

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT
B

Attachment A
Domains By Proxy LLC

## I.      DEFINITIONS

A.     "**Document**" means electronically stored information, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

B.     "**Referring to**" or "**relating to**" means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

C.     "Customer Number" shall mean the account for Eric Noveshen and/or any nominee, including but not limited to Bridgewater Capital Ltd., Bridgewater Advisors, LLC, and/or Bridgewater Capital LLC.

D.     "Domain" or "Domains" shall mean:
- bridgewaterfund.com
- bridgewaterfunds.com
- bridgewatercapital.biz
- bridgewatercapital.info
- brdigewatercapital.net
- bridgewatercapital.us
- bridgewaterfund.info
- bridgewaterfund.net
- bridgewaterfund.org
- bridgecapital.co
- bridgewateradvisors.co
- bridgewatercapital.com
- bridgewaterfund.co
- bridgewaterfunds.co
- bridgewater.com.co
- bridgewater.guru
- bridgewater.la

## II.     INSTRUCTIONS

A.     **Applicable Time Period:**  The applicable time period shall be from January 1, 2006 through the date of your response to this Subpoena.

## III.     REQUESTED DOCUMENTS

For the Applicable Time Period, for each Customer Number and any other account held by Eric Noveshen, and for each Domain, produce any and all:

1.  Customer Agreements, signature cards and all other documents regarding signatories on the account.

2.  Documents sufficient to identify every domain registered by Eric Noveshen and/or any nominee.

3.  Documents sufficient to identify the owner of each Domain.

4.  All correspondence, emails and documents relating to the Customer Number and any other account held by Eric Noveshen and for each Domain.

5.  Documents to reflect the payment of any fees to the Customer Number or any other account held by Eric Noveshen.

6.  Documents to reflect the payment of any fees earned by the Domains.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| Eric Noveshen | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  13-61535-MARRA |
| Bridgewater Associates, LP, | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                     First American Capital & Trading Corporation
                2600 North Military Trail, Suite 290, Boca Raton, Florida 33431
                    _(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment "A".

| Place: Mathews Wallace LLP | Date and Time: |
|---|---|
| 200 S. Andrews Ave., Suite 601 Fort Lauderdale, Florida 33301 | 01/29/2016 3:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/13/2016

_CLERK OF COURT_

                                OR

_____          s/ Walter J. Mathews
_Signature of Clerk or Deputy Clerk_          _____
                                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Bridgewater Associates, LP_____ , who issues or requests this subpoena, are:

Mathews Wallace LLP, 200 S. Andrews Ave., Suite 601, Fort Lauderdale, Florida 33301 (954) 463-1929

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT C**

Attachment A
First American Capital & Trading Corporation
(CRD# 118812)

## I.   DEFINITIONS

A.   "**Document**" means electronically stored information, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

B.   "**Referring to**" or "**relating to**" means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

C.   "**Bridgewater**" means Bridgewater Capital Ltd.,  Bridgewater Advisors, LLC, Bridgewater Capital LLC and/or any of their employees, agents, independent contractors, parents, subsidiaries, and/or affiliates including, but not limited to Eric Noveshen, Peter Gennuso and Arthur Marcus.

D.   "**First American Capital**" means First American Capital & Trading Corporation, its employees, affiliates, subsidiaries, agents or representative acting on its behalf.

## II.   INSTRUCTIONS

A.   **Applicable Time Period:**  The applicable time period shall be from January 1, 2006 through the date of your response to this Subpoena.

## III.   REQUESTED DOCUMENTS

1.   All new account forms, margin agreements and options agreements and any other account opening related documents for Account Number XXXX 11RR FCO in the name of Bridgewater Advisors, LLC and/or any other account maintained at First American Capital by or on behalf of Bridgewater, as defined above.

2.   All monthly account statements for all accounts maintained on behalf of Bridgewater, as described above.

3.   All correspondence and other written communication by and between Bridgewater and First American Capital.

4.      All notes and other documents reflecting any verbal communications between Bridgewater and any representative of First American Capital.

5.      All documents, written and electronic, reflecting any internal review of Bridgewater's account(s).  This request includes, but is not limited to, compliance investigations, operational reviews, or corrections to Bridgewater's account(s), and any other similar activity involving Bridgewater's account(s).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| Eric Noveshen | ) | |
| _Plaintiff_ | ) | Civil Action No.  13-61535-MARRA |
| v. | ) | |
| Bridgewater Associates, LP, | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          FSC Securities Corporation
           2300 Windy Ridge Parkway, Suite 1100, Atlanta, GA 30339

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment "A".

| Place: Mathews Wallace LLP<br>200 S. Andrews Ave., Suite 601<br>Fort Lauderdale, Florida 33301 | Date and Time:<br><br>02/01/2016 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  01/13/2016

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | s/ Walter J. Mathews |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Bridgewater Associates, LP _____ , who issues or requests this subpoena, are:

Mathews Wallace LLP, 200 S. Andrews Ave., Suite 601, Fort Lauderdale, Florida 33301 (954) 463-1929

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**

**D**

Attachment A
FSC Securities Corporation
(CRD# 7461)

## I.  DEFINITIONS

A.  "**Document**" means electronically stored information, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

B.  "**Referring to**" or "**relating to**" means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

C.  "**Bridgewater**" means Bridgewater Capital Ltd.,  Bridgewater Advisors, LLC, Bridgewater Capital LLC and/or any of their employees, agents, independent contractors, parents, subsidiaries, and/or affiliates including, but not limited to Eric Noveshen, Peter Gennuso and Arthur Marcus.

D.  "**FSC Securities**" means FSC Securities Corporation, its employees, affiliates, subsidiaries, agents or representative acting on its behalf.

## II.  INSTRUCTIONS

A.  **Applicable Time Period:**  The applicable time period shall be from January 1, 2006 through the date of your response to this Subpoena.

## III.  REQUESTED DOCUMENTS

1.  All new account forms, margin agreements and options agreements and any other account opening related documents for account number XXXX4625 in the name of Bridgewater Advisors LLC and/or any other accounts maintained at FSC Securities by or on behalf of Bridgewater, as defined above.

2.  All monthly account statements for all accounts maintained on behalf of Bridgewater, as described above.

1

3.     All correspondence and other written communication by and between Bridgewater and FSC Securities.  A response to this request should include all communications between John Osorio and Bridgewater.

4.     All notes and other documents reflecting any verbal communications between Bridgewater and any representative of FSC Securities.

5.     All documents, written and electronic, reflecting any internal review of Bridgewater's account(s).  This request includes, but is not limited to, compliance investigations, operational reviews, or corrections to Bridgewater's account(s), and any other similar activity involving Bridgewater's account(s).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| Eric Noveshen | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   13-61535-MARRA |
| Bridgewater Associates, LP, | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Gersten Savage LLP
600 Lexington Avenue, 9th Floor, New York, NY 10022

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment "A".

| Place: Patterson Belknap Webb & Tyler LLP<br>1133 Avenue of the Americas<br>New York, NY 10036 | Date and Time:<br><br>01/29/2016 1:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/13/2016

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | s/ Walter J. Mathews<br>_____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Bridgewater Associates, LP _____ , who issues or requests this subpoena, are:

Mathews Wallace LLP, 200 S. Andrews Ave., Suite 601, Fort Lauderdale, Florida 33301 (954) 463-1929

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**
**E**

Attachment A
Gersten Savage LLP

## I.   DEFINITIONS

A.   "**Document**" means electronically stored information, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

B.   "**Referring to**" or "**relating to**" means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

C.   "**Bridgewater**" means Bridgewater Capital Ltd.,  Bridgewater Advisors, LLC, Bridgewater Capital LLC and/or any of their employees, agents, independent contractors, parents, subsidiaries, and/or affiliates including, but not limited to Eric Noveshen, Peter Gennuso and Arthur Marcus.

D.   "**Gersten Savage**" means Gersten Savage LLP, its employees, affiliates, subsidiaries, agents or representative acting on its behalf.

## II.   INSTRUCTIONS

A.   **Applicable Time Period:**  The applicable time period shall be from January 1, 2006 through the date of your response to this Subpoena.

## III.   REQUESTED DOCUMENTS

1.   All documents concerning Bridgewater including, but not limited to:

a.   all retainer agreements;

b.   correspondence sent to third parties on behalf of Bridgewater;

c.   all monthly invoices sent to Bridgewater; and

d.   correspondence reflecting the termination of services provided to Bridgewater.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| Eric Noveshen | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  13-61535-MARRA |
| Bridgewater Associates, LP, | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
GoDaddy, Legal Compliance,
14455 N. Hayden Road, Suite 219, Scottsdale, AZ 85260

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment "A".

| Place: Driver and Nix<br>2390 E. Camelback Rd., Suite 175<br>Phoenix, AZ  85016-7069 | Date and Time:<br><br>01/29/2016 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  01/13/2016

*CLERK OF COURT*

OR

_____          s/ Walter J. Mathews
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Bridgewater Associates, LP _____ , who issues or requests this subpoena, are:

Mathews Wallace LLP, 200 S. Andrews Ave., Suite 601, Fort Lauderdale, Florida 33301 (954) 463-1929

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT
F

Attachment A
GoDaddy.com

## I.     DEFINITIONS

A.     **"Document"** means electronically stored information, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

B.     **"Referring to"** or **"relating to"** means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

C.     **"Customer Number"** shall mean the account ending in XXX3912 for Eric Noveshen and/or any nominee, including Bridgewater, as defined below.

D.     **"Bridgewater"** means Bridgewater Capital Ltd.,   Bridgewater Advisors, LLC, Bridgewater Capital LLC and/or any of their employees, agents, independent contractors, parents, subsidiaries, and/or affiliates including, but not limited to Eric Noveshen, Peter Gennuso and Arthur Marcus.

## II.     INSTRUCTIONS

A.     **Applicable Time Period:** The applicable time period shall be from January 1, 2006 through the date of your response to this Subpoena.

## III.     REQUESTED DOCUMENTS

1.  For the Applicable Time Period, for each Customer Number and any other account held by Eric Noveshen or Bridgewater, any and all Customer Agreements, signature cards and all other documents referring signatories on the account.

2.  Documents sufficient to identify every domain registered by Eric Noveshen and/or Bridgewater.

3.  All correspondence, emails and documents relating to the Customer Number and/or any other account held by Eric Noveshen and/or Bridgewater.

4.  Documents to reflect the payment of any fees to Noveshen or Bridgewater relating to the Customer Number or any other account held by Eric Noveshen and/or Bridgewater.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| Eric Noveshen | ) |
| *Plaintiff* | ) |
| v. | ) |
| Bridgewater Associates, LP, | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   13-61535-MARRA

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        HSBC
350 East Las Olas Blvd., Ft. Lauderdale, Florida 33301
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment "A".

| Place: Mathews Wallace LLP<br>200 S. Andrews Ave., Suite 601<br>Fort Lauderdale, Florida 33301 | Date and Time:<br><br>02/01/2016 3:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/13/2016

|  *CLERK OF COURT* |  |  |
|---|---|---|
| | OR | |
| _____ | | s/ Walter J. Mathews |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Bridgewater Associates, LP _____ , who issues or requests this subpoena, are:
Mathews Wallace LLP, 200 S. Andrews Ave., Suite 601, Fort Lauderdale, Florida 33301 (954) 463-1929

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT G**

Attachment A
HSBC

## I.    DEFINITIONS

A.    **"Document"** means electronically stored information, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

B.    **"Referring to"** or **"relating to"** means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

C.    **"Bridgewater"** means Bridgewater Capital Ltd.,   Bridgewater Advisors, LLC, Bridgewater Capital LLC and/or any of their employees, agents, independent contractors, parents, subsidiaries, and/or affiliates including, but not limited to Eric Noveshen, Peter Gennuso and Arthur Marcus.

## II.    INSTRUCTIONS

A.    **Applicable Time Period:**  The applicable time period shall be from January 1, 2006 through the date of your response to this Subpoena.

## III.    REQUESTED DOCUMENTS

1.    All account opening documents and signature cards relating to any accounts in the name of Bridgewater as defined above.

2.    All HSBC account statements for any accounts in the name of Bridgewater as defined above, including the following detail:  checks (front and back), deposits, withdrawals, wires, ACH's and transfers.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| Eric Noveshen | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.    13-61535-MARRA |
| Bridgewater Associates, LP, | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:             Island Stock Transfer
            1500 Roosevelt Blvd., Suite 301, Clearwater, FL  33760

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment "A".

| Place: Mathews Wallace LLP | Date and Time: |
|---|---|
| 200 S. Andrews Ave., Suite 601 Fort Lauderdale, Florida 33301 | 02/02/2016 11:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/13/2016

           *CLERK OF COURT*
                                OR

_____      s/ Walter J. Mathews
    *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Bridgewater Associates, LP _____ , who issues or requests this subpoena, are:
Mathews Wallace LLP, 200 S. Andrews Ave., Suite 601, Fort Lauderdale, Florida 33301 (954) 463-1929

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**

**H**

Attachment A
Island Stock Transfer

## I.   DEFINITIONS

A.   "**Document**" means electronically stored information, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

B.   "**Referring to**" or "**relating to**" means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

C.   "**Bridgewater**" means Bridgewater Capital Ltd.,   Bridgewater Advisors, LLC, Bridgewater Capital LLC and/or any of their employees, agents, independent contractors, parents, subsidiaries, and/or affiliates including, but not limited to Eric Noveshen, Peter Gennuso and Arthur Marcus.

D.   "**Island Stock Transfer**" means Island Stock Transfer, its employees, affiliates, subsidiaries, agents or representative acting on its behalf.

## II.   INSTRUCTIONS

A.   **Applicable Time Period:**  The applicable time period shall be from January 1, 2006 through the date of your response to this Subpoena.

## III.   REQUESTED DOCUMENTS

1.   Any and all documents concerning Account Number 211 in the name of Bridgewater as defined above, including but not limited to agreements, account transaction history and communications.

2.   Any Stock Transfer Agency Agreements between Bridgewater as defined above and Island Stock Transfer.

3.   Bridgewater's account transaction history as maintained by Island Stock Transfer.

4.   Any and all communications with Bridgewater.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| Eric Noveshen | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   13-61535-MARRA |
| Bridgewater Associates, LP, | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Records Custodian, JP Morgan Chase Bank, NA
             1807 Cordova Road, Ft. Lauderdale, FL 33316
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment "A".

| Place: Mathews Wallace LLP | Date and Time: |
|---|---|
| 200 S. Andrews Ave., Suite 601 Fort Lauderdale, Florida 33301 | 02/01/2016 1:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/13/2016

            *CLERK OF COURT*
                                            OR
_____        _____
*Signature of Clerk or Deputy Clerk*           s/ Walter J. Mathews
                                               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Bridgewater Associates, LP _____ , who issues or requests this subpoena, are:

Mathews Wallace LLP, 200 S. Andrews Ave., Suite 601, Fort Lauderdale, Florida 33301 (954) 463-1929

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT

Attachment A
JP Morgan Chase

## I.   DEFINITIONS

A.   **"Document"** means electronically stored information, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

B.   **"Referring to"** or **"relating to"** means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

C.   **"Bridgewater"** means Bridgewater Capital Ltd., Bridgewater Advisors, LLC, Bridgewater Capital LLC and/or any of their employees, agents, independent contractors, parents, subsidiaries, and/or affiliates including, but not limited to Eric Noveshen, Peter Gennuso and Arthur Marcus.

## II.   INSTRUCTIONS

A.   **Applicable Time Period:** The applicable time period shall be from January 1, 2006 through the date of your response to this Subpoena.

## III.   REQUESTED DOCUMENTS

### Bridgewater's JP Morgan Chase Bank, N.A. Acct. Nos. XXXXX8041

1.   All account opening documents and signature cards relating JP Morgan Chase Bank, N.A. account number XXXXX8041.

2.   All account opening documents and signature cards for any and all accounts in the name of Bridgewater as defined above.

3.   All JP Morgan Chase Bank, N.A. account statements for account number XXXX8041 including the following detail: checks (front and back), deposits, withdrawals, wires, ACH's and transfers.

4.      All JP Morgan Chase Bank, N.A. account statements for any and all accounts in the name of Bridgewater as defined above, including the following detail:  checks (front and back), deposits, withdrawals, wires, ACH's and transfers.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| Eric Noveshen | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No.   13-61535-MARRA |
| Bridgewater Associates, LP, | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              J.P. Morgan Securities, LLC
            3801 PGA Boulevard, Suite 800, Palm Beach Gardens, FL  33410
_____
                    _(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment "A".

| Place: Mathews Wallace LLP | Date and Time: |
|---|---|
| 200 S. Andrews Ave., Suite 601 | |
| Fort Lauderdale, Florida 33301 | 01/29/2016 4:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/13/2016

_CLERK OF COURT_

                                                         OR

_____              s/ Walter J. Mathews
_Signature of Clerk or Deputy Clerk_                _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Bridgewater Associates, LP _____, who issues or requests this subpoena, are:

Mathews Wallace LLP, 200 S. Andrews Ave., Suite 601, Fort Lauderdale, Florida 33301 (954) 463-1929

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT J**

Attachment A
JP Morgan Securities, LLC

## I.  DEFINITIONS

A.  "**Document**" means electronically stored information, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

B.  "**Referring to**" or "**relating to**" means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

C.  "**Bridgewater**" means Bridgewater Capital Ltd.,  Bridgewater Advisors, LLC, Bridgewater Capital LLC and/or any of their employees, agents, independent contractors, parents, subsidiaries, and/or affiliates including, but not limited to Eric Noveshen, Peter Gennuso, Arthur Marcus, Wakefield Quin, Envison Capital, Roderick M. Forrest, and Nicholas J. Hoskins.

D.  "**Bear Stearns**" means Bear Stearns, its employees, affiliates, subsidiaries, agents or representative acting on its behalf.

## II.  INSTRUCTIONS

A.  **Applicable Time Period:**  The applicable time period shall be from January 1, 2006 through the date of your response to this Subpoena.

## III.  REQUESTED DOCUMENTS

1.  All new account forms, margin agreements and options agreements and any other account opening related documents for any account maintained at Bear Stearns by or on behalf of Bridgewater, as defined above.

2.  All monthly account statements for all accounts maintained on behalf of Bridgewater, as described above.

3.  All correspondence and other written communication by and between Bridgewater and Bear Stearns.

4.     All notes and other documents reflecting any verbal communications between Bridgewater and any representative of Bear Stearns.

5.     All documents, written and electronic, reflecting any internal review of Bridgewater's account(s).  This request includes, but is not limited to, compliance investigations, operational reviews, or corrections to Bridgewater's account(s), and any other similar activity involving Bridgewater's account(s).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| Eric Noveshen | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 13-61535-MARRA |
| Bridgewater Associates, LP, | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
PNC Bank
200 East Broward Blvd., Ft. Lauderdale, Florida 33301
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment "A".

| Place: Mathews Wallace LLP | Date and Time: |
|---|---|
| 200 S. Andrews Ave., Suite 601<br>Fort Lauderdale, Florida 33301 | 02/02/2016 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  01/13/2016

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | s/ Walter J. Mathews |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Bridgewater Associates, LP _____, who issues or requests this subpoena, are:

Mathews Wallace LLP, 200 S. Andrews Ave., Suite 601, Fort Lauderdale, Florida 33301 (954) 463-1929

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT K

Attachment A
PNC

## I.   DEFINITIONS

A.   **"Document"** means electronically stored information, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

B.   **"Referring to"** or **"relating to"** means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

C.   **"Bridgewater"** means Bridgewater Capital Ltd., Bridgewater Advisors, LLC, Bridgewater Capital LLC and/or any of their employees, agents, independent contractors, parents, subsidiaries, and/or affiliates including, but not limited to Eric Noveshen, Peter Gennuso and Arthur Marcus.

## II.   INSTRUCTIONS

A.   **Applicable Time Period:**  The applicable time period shall be from January 1, 2006 through the date of your response to this Subpoena.

## III.   REQUESTED DOCUMENTS

1.   All account opening documents and signature cards relating to any accounts in the name of Bridgewater Capital Ltd., Bridgewater Advisors, LLC, and Bridgewater Capital LLC.

2.   All PNC account statements for any accounts in the name of Bridgewater Capital Ltd., Bridgewater Advisors, LLC, Bridgewater Capital LLC including the following detail: checks (front and back), deposits, withdrawals, wires, ACH's and transfers.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| Eric Noveshen | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   13-61535-MARRA |
| Bridgewater Associates, LP, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Sterne Agee
          800 Shades Creek Parkway, Suite 700, Birmingham, AL 35209

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment "A".

| Place: Mathews Wallace LLP<br>        200 S. Andrews Ave., Suite 601<br>        Fort Lauderdale, Florida 33301 | Date and Time:<br><br>      02/01/2016 11:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/13/2016

| CLERK OF COURT | OR | |
|---|---|---|
| | | s/ Walter J. Mathews |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Bridgewater Associates, LP_____ , who issues or requests this subpoena, are:

Mathews Wallace LLP, 200 S. Andrews Ave., Suite 601, Fort Lauderdale, Florida 33301 (954) 463-19__

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT
L

Attachment A
Sterne Agee & Leach, Inc.
(CRD# 791)

## I.    DEFINITIONS

A.    "**Document**" means electronically stored information, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

B.    "**Referring to**" or "**relating to**" means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

C.    "**Bridgewater**" means Bridgewater Capital Ltd.,  Bridgewater Advisors, LLC, Bridgewater Capital LLC and/or any of their employees, agents, independent contractors, parents, subsidiaries, and/or affiliates including, but not limited to Eric Noveshen, Peter Gennuso and Arthur Marcus.

D.    "**Sterne Agee**" means Sterne Agee & Leach, Inc., its employees, affiliates, subsidiaries, agents or representative acting on its behalf.

## II.    INSTRUCTIONS

A.    **Applicable Time Period:**  The applicable time period shall be from January 1, 2006 through the date of your response to this Subpoena.

## III.    REQUESTED DOCUMENTS

1.    All new account forms, margin agreements and options agreements and any other account opening related documents for account number XXXXX422 in the name of Bridgewater Advisors LLC any other accounts maintained at Sterne Agee by or on behalf of Bridgewater, as defined above.

2.    All monthly account statements for all accounts maintained on behalf of Bridgewater, as described above.

3.    All correspondence and other written communication by and between Bridgewater and Sterne Agee.

1

4.     All notes and other documents reflecting any verbal communications between Bridgewater and any representative of Sterne Agee.

5.     All documents, written and electronic, reflecting any internal review of Bridgewater's account(s).  This request includes, but is not limited to, compliance investigations, operational reviews, or corrections to Bridgewater's account(s), and any other similar activity involving Bridgewater's account(s).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| Eric Noveshen | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  13-CV-61535-MARRA |
| Bridgewater Associates, LP, | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                           Stonegate Bank
                    1430 North Federal Highway, Fort Lauderdale, FL  33304
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment "A".

| Place: Mathews Wallace LLP<br>200 S. Andrews Ave., Suite 601<br>Fort Lauderdale, Florida 33301 | Date and Time:<br><br>02/04/2016 3:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/25/2016
       _____

*CLERK OF COURT*
                                                    OR
                                                         s/ Walter J. Mathews
_____            _____
  *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Bridgewater Associates, LP_____ , who issues or requests this subpoena, are:

Mathews Wallace LLP, 200 S. Andrews Ave., Suite 601, Fort Lauderdale, Florida 33301 (954) 463-1929

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**

**M**

Attachment A
Stonegate Bank

## I.   DEFINITIONS

A.   **"Document"** means electronically stored information, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

B.   **"Referring to"** or **"relating to"** means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

C.   **"Bridgewater"** means Bridgewater Capital Ltd.,  Bridgewater Advisors, LLC, Bridgewater Capital LLC and/or any of their employees, agents, independent contractors, parents, subsidiaries, and/or affiliates including, but not limited to Eric Noveshen, Peter Gennuso and Arthur Marcus.

## II.   INSTRUCTIONS

A.   **Applicable Time Period:**  The applicable time period shall be from January 1, 2006 through the date of your response to this Subpoena.

## III.   REQUESTED DOCUMENTS

1.   All account opening documents and signature cards relating to any accounts in the name of Cheryl Wilson, who is believed to have opened an account at the Hallandale Beach, Florida, location of Stonegate Bank.

2.   All account opening documents and signature cards relating to any safe deposit boxes in the name of Cheryl Wilson, who is believed to have opened an account at the Hallandale Beach, Florida, location of Stonegate Bank.

3.   All account opening documents and signature cards relating to any accounts in the name of Bridgewater as defined above.

4.      All Stonegate account statements for any accounts in the name of Cheryl Wilson, including the following detail:  checks (front and back), deposits, withdrawals, wires, ACH's and transfers.

5.      All Stonegate account statements for any accounts in the name of Bridgewater as defined above, including the following detail:  checks (front and back), deposits, withdrawals, wires, ACH's and transfers.

6.      All wire transfer memoranda regarding money transferred into or out of any account in the name of Cheryl Wilson.

7.      All wire transfer memoranda regarding money transferred into or out of any account in the name of Bridgewater as defined above.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

**ERIC NOVESHEN**
    **Plaintiff,**

     **vs.**                             **13-cv-61535-KAM**

**BRIDGEWATER ASSOCIATES, LP,**
    **Defendant**
_____/

### NON-PARTY WITNESS CHERYL WILSON'S
### MOTION TO QUASH SUBPOENA

#### Facts

    Defendant in this case have subpoenaed non-party witness Cheryl Wilson's ("Wilson") personal financial documents. Wilson is not a party to this litigation and has a personal interest in the bank records that the Defendant subpoenaed. They have asked that Wilson's personal bank, Stonegate Bank, provide the following:

1. All account opening documents and signature cards relating to any accounts in the
name of Cheryl Wilson, who is believed to have opened an account at the Hallandale Beach, Florida, location of Stonegate Bank.

2. All account opening documents and signature cards relating to any safe deposit boxes in the name of Cheryl Wilson, who is believed to have opened an account at the
Hallandale Beach, Florida, location of Stonegate Bank.

4. All Stonegate account statements for any accounts in the name of Cheryl Wilson, including the following detail: checks (front and back), deposits, withdrawals, wires, ACH's and transfers.

6.  All wire transfer memoranda regarding money transferred into or out of any account in the name of Cheryl Wilson.

1

EXHIBIT

N

See Attachment 1

Because the subpoenas place an undue burden on a non-party witness, and the personal and private financial information is being sought of a non-party to this litigation, the subpoena should be quashed.

## Reasoning

Rule 26(c) allows the Court, for good cause, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Among the relevant factors to be balanced are considerations of the public interest, the need for confidentiality, and privacy interests. Wilson is a private citizen with private affairs and has no interest in this litigation. Westco, Inc. v. Scott Lewis' Gardening & Trimming, Inc., 26 So.3d 620, 622 (Fla. 4th DCA 2009) ("When confidential information is sought from a non-party, the trial court must determine whether the requesting party establishes a need for the information that outweighs the privacy rights of the non-party."). Wilson's personal financial documents sought by the Defendant's subpoena are protected from disclosure by Article 1, Section 23 of the Florida Constitution and by Florida Statute § 655.059(2)(b).

For the reasons set forth below, the defendant has made a request that clearly places an undue burden on a non-party witness, has not shown any need whatsoever for the evidence, much less a crucial need, and the witness should not be forced to incur significant time and financial expense to respond to the overly broad, harassing, and inconsequential subpoena. It is the belief of non-party Wilson that her bank was served these subpoenas solely for the purpose of harassment. Wilson is the Plaintiff's Mother and there are individuals that have been posting anonymous disparaging information about the Plaintiff and Wilson.

2

When I spoke with Defendant's counsel they indicated that they spoke with an individual that gave them the "credible information."

The only possible purposes of these subpoenas are harassment of non-party witness Wilson, or a fishing expedition by the Defendant that the non-party witness Wilson should not have to fund or be the target of because of an individual's vendetta.

Wilson has spoken with counsel of the defendant on January 26, 2016 and asked them to withdraw their subpoena. Defendant's counsel said that they have received "credible information" from a third party and spoken with a third party that they believe and Defendant's counsel is going to "follow up in the lead." Wilson submits the attached affidavit for the Court to review.  See attachment 2. Wilson respectfully requests a hearing on the matter prior to any private financial documents being sent to the Defendant.

After reviewing the subpoena, it is clear that the only purpose of the subpoena was to harass, embarrass, and incur expenses for a non-party witness, simply because she is the mother of the plaintiff. The subpoena should be quashed in its entirety, and sanctions should be levied against the defendant.

## CERTIFICATION OF PRE-FILING CONFERENCE

Pursuant to Local Rule 7.1(A)(3), Wilson certifies that, prior to filing this motion to quash, Wilson conferred verbally with Defendant's counsel in a good faith effort to resolve by agreement the issues raised in the instant motion but was unable to do so.

Dated: January 26, 2016          Respectfully submitted,

                                 Cheryl Wilson

3

*Cheryl Wilson*

BY: Cheryl Wilson
421 NE 14th Ave
Hallandale, FL  33009
Telephone:  (954) 456-6321
Facsimile:  (954) 456-6321
icuwilson@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __26th__ day of January, 2016, I manually caused the filing of the foregoing document with the Clerk of Court pursuant to the applicable Administrative Procedures.

*Cheryl Wilson*

BY: Cheryl Wilson

Erik Haas, Esq.
Anthony DeCinque, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-7615
Fax: (212) 336-1266
E-mail: ehaas@pbwt.com
E-mail: adcinque@pbwt.com
Attorneys for Defendant,
Bridgewater Associates, LP

Walter J Mathews, Esq.
D. Patricia Wallace, Esq.
Mathews Wallace LLP
200 S. Andrews Avenue, Suite 601
Fort Lauderdale, FL  33301
Telephone: (954) 463-1929
Fax: (954) 653-2963
E-mail: pwallace@wjmlawfirm.com
E-mail: wjmathews@wjmlawfirm.com
Attorneys for Defendant,
Bridgewater Associates, LP

4

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Southern District of Florida

| | |
|---|---|
| Eric Noveshen | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. **13-CV-61535-MARRA** |
| Bridgewater Associates, LP, | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Stonegate Bank
1430 North Federal Highway, Fort Lauderdale, FL  33304
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment "A".

| Place: Mathews Wallace LLP | Date and Time: |
|---|---|
| 200 S. Andrews Ave., Suite 601 Fort Lauderdale, Florida 33301 | 02/04/2016 3:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/25/2016

| _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____ | s/ Walter J. Mathews |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Bridgewater Associates, LP _____ , who issues or requests this subpoena, are:
Mathews Wallace LLP, 200 S. Andrews Ave., Suite 601, Fort Lauderdale, Florida 33301 (954) 463-1929

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

ATTACHMENT 1

Attachment A
Stonegate Bank

I.    DEFINITIONS

A.    "Document" means electronically stored information, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

B.    "Referring to" or "relating to" means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

C.    "Bridgewater" means Bridgewater Capital Ltd., Bridgewater Advisors, LLC, Bridgewater Capital LLC and/or any of their employees, agents, independent contractors, parents, subsidiaries, and/or affiliates including, but not limited to Eric Noveshen, Peter Gennuso and Arthur Marcus.

II.    INSTRUCTIONS

A.    **Applicable Time Period:**  The applicable time period shall be from January 1, 2006 through the date of your response to this Subpoena.

III.    REQUESTED DOCUMENTS

1.    All account opening documents and signature cards relating to any accounts in the name of Cheryl Wilson, who is believed to have opened an account at the Hallandale Beach, Florida, location of Stonegate Bank.

2.    All account opening documents and signature cards relating to any safe deposit boxes in the name of Cheryl Wilson, who is believed to have opened an account at the Hallandale Beach, Florida, location of Stonegate Bank.

3.    All account opening documents and signature cards relating to any accounts in the name of Bridgewater as defined above.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

**ERIC NOVESHEN**
   **Plaintiff,**

   **vs.**                                    **13-cv-61535-KAM**

**BRIDGEWATER ASSOCIATES, LP,**
   **Defendant**
_____/

### CHERYL WILSON'S AFFIDAVIT

**STATE OF FLORIDA**      )
                          ) ss:
**COUNTY OF BROWARD** )

**BEFORE ME,** personally appeared, CHERYL WILSON, who, after being first duly sworn, deposes and states as follows:

1.       My name is **CHERYL WILSON**, I am over eighteen years of age and have personal knowledge of all facts and circumstances set forth herein.

2.       I am filing a motion to quash a subpoena in the above styled case and if called upon as a witness, I could and would competently testify to the following facts of which I have personal knowledge:

3.       I was made aware that the Defendant in this litigation subpoenaed my private financial information from my bank accounts located at Stonegate Bank.

4.       I have an interest in these documents by virtue that they contain my private and personal financial information including each transaction.

5.       I have never been an officer or director or employee of the Plaintiff or Bridgewater Advisors LLC or Bridgewater Capital Ltd.

6.       I have never been a signatory on any of the Plaintiffs personal bank accounts.

7.       I have never been a signatory on any of the Bridgewater Advisors LLC or Bridgewater Capital Ltd. Bank accounts.

8.       The plaintiff is not a signatory on any of my bank accounts.

**Page 1 of 2**

9. On January 26, 2016 I spoke with the defendants counsel indicating this information Defendants counsel stated that they have an individual that has given them "credible information."

10. The defendants counsel stated that they have spoken with this individual as well.

11. I told defendants counsel that the information is a pure "lie."

12. Defendants counsel indicated that they will not withdraw the subpoena for my private and personal financial information causing me to seek the relief from this court

13. The subpoena for my personal and private financial documents has nothing to do with this lawsuit.

**FURTHER AFFIANT SAITH NOT**

**UNDER PENALTY OF PERJURY**, the Defendant, **CHERYL WILSON** states that she has read the foregoing and the facts contained therein are true and correct.

DATED this 26 day of January, 2016.

Cheryl Wilson
CHERYL WILSON

**BEFORE ME**, the undersigned duly authorized authority, personally appeared **CHERYL WILSON**, who after first being duly sworn under oath and having exhibited her driver's license for identification or who is personally known to me, deposes and says he has read the foregoing and that he knows the contents thereof and has personal knowledge that the facts recited therein are true.

DATED this 26th day of January, 2016.

ROSELA MILLS
Notary Public - State of Florida
My Comm. Expires May 17, 2017
Commission # FF 012219
Bonded Through National Notary Assn.

NOTARY PUBLIC, STATE OF FLORIDA

_____
(Printed Name of Notary Public)

My Commission Expires: