UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61535-CIV-MARRA/MATTHEWMAN

ERIC NOVESHEN,

    Plaintiff,

vs.

BRIDGEWATER ASSOCIATES, LP,

    Defendant.
_____/

FILED by ____ D.C.

FEB 0 3 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING DEFENDANT'S MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER AGAINST THE APEX DEPOSITION OF ITS CHAIRMAN & CIO DALIO [DE 78]

**THIS CAUSE** is before the Court upon Defendant, Bridgewater Associates, LP's ("Defendant") Motion to Quash Subpoena and for A Protective Order Against the Apex Deposition of its Chairman & CIO Dalio [DE 78]. Plaintiff, Eric Novheshen ("Plaintiff"), has failed to file a response. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra upon an Order referring all discovery to the undersigned for final disposition. *See* DE 51. The Court has independently reviewed Defendant's Motion.

In the Motion [DE 78], Defendant moves to quash a subpoena and for entry of a protective order prohibiting Plaintiff from taking the deposition of Raymond Dalio, the Chairman and Co-Chief Investment Officer of Defendant. [DE 78, p. 1]. Defendant maintains that, under the apex doctrine, Dalio should not be deposed, as Plaintiff has not exhausted less intrusive means of discovery and has not shown that Dalio has unique, non-repetitive firsthand knowledge of the facts at issue in this case. [DE 78, pp. 3-4]. Moreover, Defendant also asserts that the subpoena seeks information that is not relevant to any claim or defense in this case, especially in light of the fact that Dalio was dismissed

from this lawsuit. [DE 78, p. 4]. Last, Defendant alleges that Plaintiff's request for Dalio to produce documents seeks the same documents that Noveshen requested from Defendant Bridgewater, which Defendant timely served responses to and produced the documents. [DE 78, pp. 4-5].

As this Court has previously recognized, "[c]ourts have generally restricted parties from deposing high-ranking officials because (by virtue of their position) they 'are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts.'" *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 527 (S.D. Fla. Sept. 15, 2015) (quoting *Brown v. Branch Banking and Trust Co.*, No. 13-81192-CIV, 2014 WL 235455, at *2 (S.D. Fla. Jan. 22, 2014)). "[A] party seeking to depose a high ranking corporate officer must first establish that the executive: (1) has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Hickey v. North Broward Hosp. Dist.*, No. 14-CV-60542, 2014 WL 7495780, at *2 (S.D. Fla. Dec. 17, 2014). The party seeking the deposition of the high-ranking official has the burden to show that the deposition is necessary. *Id.*

Here, Plaintiff has failed to file a timely response to Defendant's Motion. Defendant filed its Motion [DE 78] on January 20, 2016; therefore, Plaintiff's response was due on or before January 27, 2016. *See* DE 52. Plaintiff's dilatory conduct in failing to respond to the Motion constitutes grounds to grant Defendant's Motion. Further, because Plaintiff failed to file a response to the Motion, Plaintiff has failed to adequately demonstrate that Dalio has any unique, non-repetitive firsthand knowledge about the factual issues in this case or that the discovery cannot be obtained through less intrusive means. The Court's independent review of Defendant's Motion finds that it is meritorious and Defendant's position is correct.

Additionally, on January 11, 2016, Plaintiff set Dalio's deposition for February 29, 2016 in Connecticut. [DE 78-1, p. 3]. The fact discovery cut-off date in this case is February 4, 2016. [DE 51, p. 2]. On January 15, 2016, Defendant set Plaintiff's deposition for February 4, 2016 at 9:30 a.m. to take place in Fort Lauderdale, Florida. [DE 78, p. 2]. Plaintiff then re-noticed Dalio's deposition for February 4, 2016 at 10:00 a.m., again to take place in Connecticut.[1] [DE 78-2, p. 3]. The Court finds that Plaintiff's re-scheduling of Dalio's deposition to take place in Connecticut, at the same time Plaintiff's deposition was already scheduled to take place in Fort Lauderdale, was done in bad faith and to disrupt the discovery process.

For the foregoing reasons, Defendant's Motion is due to be granted.

**ORDERED AND ADJUDGED** that Defendant's Motion to Quash Subpoena and for A Protective Order Against the Apex Deposition of its Chairman & CIO Dalio [DE 78] is **GRANTED**. Raymond Dalio's deposition re-noticed for February 4, 2016 in Connecticut is hereby **CANCELLED**. The Court reserves jurisdiction to award costs and attorney's fees against Plaintiff and in favor of Defendant due to Plaintiff's actions in requiring Defendant to file this Motion. If Defendant is seeking attorney's fees and costs, it shall file an appropriate motion within five (5) days of the date of this Order.

**DONE AND ORDERED** in Chambers this 3rd day of February, 2016, in West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] It is unclear what date Plaintiff re-noticed Dalio's deposition because the Subpoena is not dated, but Defendant asserts that it was on January 18, 2016.

3