UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-61535-Marra/Matthewman

ERIC NOVESHEN,                         )
                                       )
           Plaintiff,                  )
                                       )
vs.                                    )
                                       )
BRIDGEWATER ASSOCIATES, LP,            )
                                       )
           Defendant.                  )
                                       )

BRIDGEWATER ASSOCIATES' MOTION TO
FILE DOCUMENTS UNDER SEAL OR, ALTERNATIVELY,
TO REMOVE SPECIFIED CONFIDENTIALITY DESIGNATIONS

Pursuant to Federal Rule of Civil Procedure 5.2, Local Rule 5.4, and the Stipulated Protective Order (ECF No. 68), Defendant Bridgewater Associates, LP ("Bridgewater") moves for leave to file under seal its summary judgment motion, its statement of facts in support of summary judgment, and the documents specified below or, alternatively, to lift the confidentiality designation on the specified documents. In support of its motion, Bridgewater states:

BACKGROUND

In this lawsuit, Plaintiff Eric Noveshen seeks a declaration that his registration and use of Bridgewater's mark in internet domain names did not violate the Anticybersquatting Prevention Act ("ACPA") and that he did not violate Florida trademark law. In its counterclaim, Bridgewater seeks, among other relief, an order transferring the disputed domains to Bridgewater.

Noveshen has alleged that he registered the disputed domains in connection with "a small Bermuda registered mutual fund" that he established and called Bridgewater Capital Ltd. ("BWC"). (ECF No. 28 ¶16). According to Noveshen, Bridgewater Advisors, LLC ("BWA-Delaware"), a Delaware limited liability company, and later Bridgewater Advisors, LLC ("BWA-Florida"), a Florida limited liability company, served as BWC's investment manager. These entities had accounts with JP Morgan Chase, HSBC Bank, and First American Capital and Trading. Noveshen registered the domains at issue with GoDaddy. JP Morgan Chase, HSBC

Bank, First American Capital and Trading, and GoDaddy (collectively, the "Third Parties") produced documents in response to Bridgewater's subpoenas. All of the documents produced by the Third Parties were designated "CONFIDENTIAL" under the Stipulated Protective Order ("Protective Order")(ECF No. 68). In support of its summary judgment motion, Bridgewater seeks to file selected documents (the "Specified Documents") produced by the Third Parties.

The Protective Order prohibits disclosure of information designated "CONFIDENTIAL" except to certain categories of people, including the court and its personnel. (Protective Order ¶7.2). Under the order, a party challenging the designation may move to lift the designation if the parties' good-faith attempt to resolve their dispute is not successful. (Protective Order ¶6.3).

Pursuant to Paragraph 6.2 of the Protective Order, Bridgewater asked Noveshen, by letter dated March 22, 2016, to lift the confidentiality designation with the understanding that Bridgewater would redact personal data identifiers from these documents in accordance with Federal Rule of Civil Procedure 5.2 prior to filing them. On March 23, Bridgewater's counsel e-mailed Noveshen to schedule a time to discuss the request. Having received no response, Bridgewater's counsel called Noveshen on March 24. During the discussion, Noveshen requested a copy of the production, which was transmitted to him via e-mail and FedEx, with a second letter. Bridgewater's counsel attempted to contact Noveshen via telephone and e-mail on March 28. On March 29, Noveshen stated he was available on March 30. On March 30 Noveshen stated that he did *not* agree to lift the CONFIDENTIALITY designation but he did not oppose Bridgewater's filing the specified documents under seal.

Bridgewater had previously tried to obtain Noveshen's consent to lift the CONFIDENTIALITY designation on specified documents. When he refused, Bridgewater moved to remove specific designations. (ECF No. 113). The Court directed Noveshen to file a response by March 14, 2016. (ECF No. 114). After over a week passed without a response from Noveshen, the Court granted Bridgewater's motion. (ECF No. 118).

Bridgewater has redacted from the Specified Documents personal identifying data in accordance with Federal Rule of Civil Procedure 5.2. Bridgewater's summary judgment motion, statement of facts, and the redacted proposed sealed documents are filed in accordance with Local Rule 5.4.

ARGUMENT

Bridgewater seeks leave to file the Specified Documents, as well as its motion for summary judgment and statement of facts, which reference on the Specified Documents, under seal because Noveshen refuses to allow Bridgewater to file them in the open record, even if the documents are redacted. The Specified Documents support Bridgewater's summary judgment argument that Noveshen had a bad-faith intent to profit from his use of Bridgewater's mark in violation of the ACPA. Specifically, the account statements show that Noveshen had not been using the disputed domains in connection with the *bona fide* offering of any goods or services, one of the factors the Court may consider in evaluating whether Noveshen had a bad-faith intent to profit. Additionally, the documents from GoDaddy show the domains Noveshen registered, the dates of registration, and their current status. Until ordered by the Court, Noveshen refused to disclose the domains he registered. Even then, Noveshen disclosed only a fraction of the domains incorporating Bridgewater's mark and only a fraction of the other domains he had registered. He did not provide registration dates with any precision.

Alternatively, Bridgewater requests the Court to lift the confidentiality designation on the Specified Documents and allow Bridgewater to file its motion for summary judgment, statement of facts, and the Specified Documents in the open court file. Bridgewater sees no reason to depart from this Court's general policy that court filings are matters of public record and the common law right of access to public records in civil actions. See Local Rule 5.4(a); Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001).

Conclusion

For these reasons, Bridgewater asks the Court to allow it to file under seal its summary judgment motion, its statement of facts in support of summary judgment, and the Specified Documents or, alternatively, to lift the confidentiality designation on the Third Parties' Documents and allow Bridgewater to file them in accordance with Rule 5.2.

Case No.: 13-CV-61535-KAM

Certification of Rule 7.1 Conference

Undersigned certifies that she conferred with Plaintiff Eric Noveshen, *pro se*, as described above regarding the requested relief in a good faith effort to resolve the issues raised in this motion but has been unable to do so.

Respectfully submitted,

| | |
|---|---|
| D. Patricia Wallace | Erik Haas |
| Fla. Bar No. 0185930 | admitted *pro hac vice* |
| *pwallace@mathewsllp.com* | *ehaas@pbwt.com* |
| Walter J. Mathews | Anthony C. DeCinque |
| Fla. Bar No. 0174319 | admitted *pro hac vice* |
| *wjm@mathewsllp.com* | *adecinque@pbwt.com* |
| | |
| Mathews Wallace LLP | Patterson Belknap Webb & Tyler LLP |
| 200 S. Andrews Avenue - Ste 601 | 1133 Avenue of the Americas |
| Fort Lauderdale, FL 33301 | New York, NY 10036 |
| Phone: (954) 463-1929 | Phone: (212) 336-2000 |
| Fax: (954) 653-2963 | Fax: (212) 336-2222 |
| | |
| *s/ D. Patricia Wallace* | *s/ Anthony C. DeCinque* |

*Attorneys for Defendant/Counter-Plaintiff*

CERTIFICATE OF SERVICE

I certify that that on April 1, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day by e-mail and FedEx on Plaintiff, *pro se*, at eric@bridgewaterfunds.com and 436 NE 10th Avenue, Fort Lauderdale, FL 33301.

By:     /s/ D. Patricia Wallace
            D. Patricia Wallace